LITTLETON *v.* STATE.

(*Jackson,* April Term, 1952.)

Opinion filed June 7, 1952.

AARON BROWN, of Paris, for defendant.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant was convicted of driving a car while drunk, with punishment fixed at a fine of $100 and a jail sentence of thirty days.

The defendant seasonably demanded that the punishment be fixed by a jury.

Two officers of Henry County found a car wrecked after a collision with a bridge and found defendant on the ground about 100 feet away. They testified that he was very much under the influence of liquor. A twelve year old girl introduced by the state testified that she saw the car when it hit the bridge and that the defendant was the driver. No testimony was introduced on behalf of the defendant.

The defendant has two assignments of error: first, that his plea of autrefois convict should have been sustained; and second, that the trial court erred in admitting the record of two former convictions for this same offense.

In the former trial under this same indictment, after requesting that the entire punishment be fixed by a jury, that body concluded that he was guilty of driving while drunk but were unable to agree upon the punishment.

We think this plea is without merit for when the defendant requested that the jury fix his punishment, the verdict was not complete until the jury had both found him guilty and agreed upon the punishment. *Gang* v. *State,* 191 Tenn. 468, 234 S. W. (2d) 997.

█ It is next insisted that the trial court was in error in permitting the records of two former convictions of the same offense to be presented in evidence in chief over the objection of the defendant.

We cannot speculate as to the effect of this evidence. The jury might well have concluded that the defendant, having been found guilty twice for the same offense, was likely guilty of this offense.

This Court did hold in *Cason* v. *State,* 160 Tenn. 267, 271, 26 S. W. (2d) 665, that the trial judge may hear evidence as bearing upon the punishment to be inflicted by him. However, this evidence can only be introduced after conviction of the offense charged and is admitted as bearing upon the punishment to be inflicted on the defendant.

In *Gray* v. *State,* 191 Tenn. 526, 235 S. W. (2d) 20, we held that in a criminal prosecution, where the defendant did not take the stand and his character not placed in issue, his character could not be attacked by the introduction of evidence even though such evidence involved the commission of acts that involved moral turpitude.

It results therefore, that the second assignment of error must be sustained, the judgment of the lower court reversed and the case remanded for a new trial.