UNITED STATES, Appellant

v

HENRY J. GOFFE, Airman Apprentice, U. S. Naval Reserve, Appellee

15 USCMA 112, 35 CMR 84

No. 17,735

November 6, 1964

*Major Daniel F. McConnell,* USMC, argued the cause for Appellant, United States.

*Lieutenant (jg) Patrick W. Lee,* USNR, argued the cause for Appellee, Accused.

## Opinion of the Court

FERGUSON, Judge:

At a rehearing on sentence, held before a special court-martial convened by the Commanding Officer, Naval Air Technical Training Unit, Naval Air Station, Jacksonville, Florida, the accused was sentenced to bad-conduct discharge, confinement at hard labor for four months, forfeiture of $55.00 per month for four months, and reduction. The convening authority approved the penalty, but suspended that portion adjudging a punitive discharge, with provision for its automatic remission. The supervisory authority affirmed the punishment as adjudged and approved below. The board of review, however, set aside the sentence on the basis there was no authority for the convening authority to order a rehearing limited to the question of punishment. The Judge Advocate General of the Navy has certified the board's decision to this Court upon the following question:

"Under the circumstances of this case was the Board of Review correct in holding that the convening authority was without authority to order a rehearing on the sentence?"

On September 10, 1963, the accused was originally tried before a special court-martial, upon several charges of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921. Upon his pleas of guilty, he was duly convicted, and presentence proceedings were had. Thereafter, the court closed to deliberate upon the question of punishment. After remaining in closed session from 9:23 a.m. until 2:05 p.m., the court reopened, and the president announced it was unable to agree upon the question of sentence.

**113**

He ruled that "this case will be referred back to the convening authority for resubmission at a re-trial." The court-martial then adjourned.

On September 12, 1963, the convening authority ordered a rehearing on the sentence, it appearing "from the record that the court was unable to arrive at an appropriate sentence in this case." On September 13, 1963, such rehearing was held, resulting in adjudication of the punishment noted above.

It is difficult to follow the reasoning of the board of review in this case. One member apparently concluded that the rehearing twice placed the accused in jeopardy. The author of its principal opinion seemingly believed the failure of the initial court-martial to agree upon a penalty amounted, in law, to the imposition of a sentence of "no punishment," prohibiting the ordering of a rehearing in any case in which there was disagreement. Appellate defense counsel concedes that these positions have no validity in light of our opinion in United States v Jones, 14 USCMA 177, 33 CMR 389, and the well-recognized principle that declaration of a mistrial in light of a "hung" jury does not constitute former jeopardy. The United States v Perez, 9 Wheat 579 (U.S. 1824); Dortch v United States, 203 F2d 709 (CA 6th Cir) (1953); Alford v State, 30 Ala App 590, 10 So 2d 370 (1942); Littleton v State, 193 Tenn 674, 249 SW 2d 894 (1952); State v Reed, 93 W Va 150, 116 SE 138 (1923). In lieu of these bases for the board's action, it urges there is no authority for ordering a rehearing on the sentence alone—as opposed to a complete rehearing on the merits of the case—when a mistrial has resulted from an occurrence in the sentencing portion of the case.

Turning first to the position of the board of review, we agree with the defense concession and reject categorically the conclusion that the failure of a court-martial to arrive at a decision regarding the sentence to be imposed is equivalent, in law, to the imposition of no punishment at all. The contrary position is clearly set forth in United States v Jones, supra, which the board recognized, but apparently thought of limited application. Cf. United States v Armbruster, 11 USCMA 596, 29 CMR 412. In Jones, supra, we dealt with an instruction to court members which informed them that agreement upon an appropriate sentence was mandatory and that there was "no such thing in the military as a 'hung jury'." Holding such to constitute reversible error, we declared, at page 180:

"... In such an event it becomes quite clear that absent a two-thirds concurrence on sentence, the court-martial, in effect, is 'hung'; it just has not been able to agree. To hold that the court members *must* agree or be considered as having 'failed to discharge their duty' is repugnant to the basic philosophy on which this country is established—the right of free men to disagree without being penalized therefor. ...

"The fact that there were a variety of sentences from which to choose or that the court-martial might even have chosen no punishment at all (Cf. United States v Atkins, 8 USCMA 77, 23 CMR 301; United States v Speller, 8 USCMA 363, 24 CMR 173) does not make it 'inconceivable that any court of conscientious members ... should find itself unable to reach agreement on a sentence by the required proportion.' The right to disagree is fundamental regardless of the number of men involved."

We thus specifically concluded in Jones, supra, that the court might have chosen a "variety of sentences ... or ... might even have chosen no punishment at all," and that it was also open to its members to exercise—unless the sentence flowed mandatorily from the nature of accused's conviction—their right to disagree irreconcilably on the question of punishment. This Court having found these to be the alternatives in Jones, supra, it was hardly open to the board to find disagreement on the question of punishment to be the equivalent of adopting, as an appropriate penalty, no sentence at all. To

114

what we there said, we add that a determination not to impose any punishment as the "sentence" found by the court to be appropriate in the circumstances of a particular case requires, as do other "penalties," an affirmative adoption by two-thirds of the members voting in closed session and upon secret written ballot. Code, supra, Article 52, 10 USC § 852; United States v Jones, supra. The record of the first trial here clearly reflects that the court-martial did not decide to impose no sentence at all but was simply unable to agree concerning the nature of an adequate sentence, in light of all the circumstances presented.

We likewise point out the doctrine of former jeopardy was no bar to ordering a rehearing on the sentence in this case. Classically, jeopardy does not attach when there is disagreement by the sentencing body as to the *quantum* of punishment to be imposed. Alford v State, supra; State v Reed, supra. And see Dortch v United States, supra, and cases collected therein. We are left, therefore, only with the argument presented by appellate counsel that there cannot be a rehearing as to sentence alone when a mistrial results in that portion of the proceedings. Again, the contrary is well settled.

The defense position is based primarily on Code, supra, Article 63, 10 USC § 863, which provides, "*If the convening authority disapproves the findings and sentence* of a court-martial he may, . . . order a rehearing." (Emphasis supplied.) As there is no sentence here for the convening authority to set aside and the findings of guilty were not disapproved, it is urged that the condition set forth in the Article for ordering a rehearing cannot be met. The same contention, however, was made and rejected in United States v Field, 5 USCMA 379, 18 CMR 3, with reference to rehearings on sentence alone. There, it was pointed out that Code, supra, Article 63, must be considered in light of Code, supra, Article 59, 10 USC § 859, and when so construed, it was apparent that a rehearing might be had only with respect to those findings of guilty which were tainted with error and the issue of punishment. We there said, at page 384:

" . . . By reason of Article 59 (a), of course, this action at the rehearing is limited to the imposition of sentence as to those findings which were in nowise tainted by error at the initial proceeding."

As to the further separability of proceedings on the findings and sentence, see also United States v Morphis, 7 USCMA 748, 752, 23 CMR 212; United States v Walker, 7 USCMA 669, 23 CMR 133; and United States v Miller, 10 USCMA 296, 27 CMR 370.

Thereafter, we concluded the law officer of a general court-martial possessed the authority to declare a mistrial, necessitating a rehearing being ordered, even though the court-martial had neither reached its findings nor imposed its sentence. United States v Stringer, 5 USCMA 122, 17 CMR 122; United States v Smith, 6 USCMA 521, 20 CMR 237; United States v Richard, 7 USCMA 46, 21 CMR 172. The same reasoning which led us to conclude that a rehearing might be had in such cases leads us, of course, to find that, upon the occurrence of a mistrial resulting from disagreement of the court-martial as to the sentence to be imposed, a rehearing limited to the sentencing proceedings may also be held. Such was implicit in our holding in United States v Jones, supra, and is a necessary concomitant of the power to disagree upon the issue of punishment. Considered in the light of Code, supra, Article 59, and the situation which now confronts us, we find nothing in Code, supra, Article 63, which militates against authority to conduct a rehearing upon the question of the penalty. Indeed, the very words of the Article in question make it clear beyond cavil that it was intended to apply only in those instances in which findings of guilty had been reached and a sentence adjudged. Where, as here, a mistrial has been declared, there is no sentence to be set aside, and its nonexistence cannot serve as a barrier to prevent new proceedings from being had with respect thereto. United States v Field, supra; United States v Stringer, supra.

For these reasons, we conclude that the board of review erred when it found it was improper for a convening authority to order a rehearing on the sentence upon the basis of the inability of the first court-martial to arrive at a decision regarding punishment. Such is the normal procedure upon the declaration of a mistrial and the argument that, upon disagreement of court members regarding the imposition of sentence, the convening authority may do nothing other than approve the findings of guilty has no basis in law. United States v Stringer, United States v Field, United States v Jones, all supra. The certified question is, accordingly, answered in the negative.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy, who may resubmit the case to the board of review for further proceedings not inconsistent with this opinion.

Chief Judge QUINN and Judge KILDAY concur.