UNITED STATES, Appellee,

v.

**Kenneth W. SLATON, Postal Clerk Seaman Apprentice, United States Navy, Appellant.**

No. 35,755.
NCM 77–1957.

U. S. Court of Military Appeals.

March 26, 1979.

Appearances: For Appellant—*Captain G. M. Potter,* USMC (argued).

For Appellee—*Lieutenant Christine M. Yuhas,* JAGC, USN (argued); *Commander T. C. Watson, Jr.,* JAGC, USN, *Major D. A. Higley,* USMC (on brief); *Lieutenant Commander N. P. DeCarlo,* JAGC, USN.

Opinion of the Court

COOK, Judge:

In accordance with his pleas, appellant stands convicted by a general court-martial composed of members of 8 specifications of larceny and 12 specifications of stealing or opening mail matter, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934, respectively. We granted review to consider whether the military judge committed reversible error by rejecting a defense request for an instruction on sentencing.

Prior to sentencing, the defense introduced a report of a psychiatrist who had examined the appellant. It contains the following relevant comments:

He realizes that he is "too close" to both his brother and his mother, both of whom make many demands upon him. He understands the nature of the charges against him and believes that he may participate in his defense. Furthermore, he understands that verbally communicating with his legal counsel will be to his benefit.

OBJECTIVE: Alert, attentive, and cooperative man who was spontaneous, open,

and evocating during the session. There was no disturbance of thinking, mood, or affect; other mental status function was unremarkable except for maladaptive identification with significant persons in his life, impairing his otherwise intact conscience function.

ASSESSMENT: HYSTERICAL PERSONALITY, characterized by over reactive interpersonal identification, pseudopsychopathic behavior and little ability for delayed gratification. Slaton does not manifest other significant psychopathology. If he should be allowed to remain on active duty after legal proceedings are completed, a course of long-term outpatient insight—oriented psychotherapy would be indicated and considered beneficial to help in his healthy separation from his family and controlling his impulses.

PLAN: Return to duty, with pending administrative action as indicated by military law and local command.

Additionally, the defense introduced a written, unsworn statement of appellant in which he explained his conduct as a desire to obtain funds to help his brother, who was incarcerated by civilian authorities.

On the basis of the foregoing, defense counsel requested that the court members be instructed in accord with the model instruction set out in para. 7–7, Military Judges Guide, D.A.Pam. 27–9 (C. 3 June 1, 1971), the substance of which is that a mental condition that does not amount to insanity can be considered as a mitigating circumstance. The judge rejected the request, noting that appellant's condition as described in the psychiatric report was "nothing more unusual than most other persons who walk the face of this green earth." He did, however, instruct the members to consider both the psychiatric report and appellant's statement in adjudging an appropriate punishment. With their sentence, the court members included a recommendation that appellant "get psychiatric treatment along with the [adjudged] confinement." Appellant asserts that the judge's refusal to instruct as requested constitutes reversible error.

■ A trial judge must tailor his instructions on sentencing to both the law and the evidence. *United States v. Wheeler,* 17 U.S.C.M.A. 274, 38 C.M.R. 72 (1967); *United States v. Cook,* 11 U.S.C.M.A. 579, 29 C.M.R. 395 (1960). In *Cook,* the law officer [now judge] failed to instruct on the mitigating circumstance of a mental impairment, which he erroneously concluded could not be so considered because the court members, in finding the appellant guilty, had resolved an issue of mental responsibility against him. This Court determined the law officer's action was contrary to existing law, which permitted court members to "consider [in sentencing] any evidence with respect to the mental condition of the accused which falls short of creating a reasonable doubt as to his sanity." *Id.* at 581, 29 C.M.R. at 397, citing para. 123, Manual for Courts-Martial, United States, 1951; *see also* para. 123, Manual for Courts-Martial, United States, 1969 (Revised edition). However, the military judge, in the present case, was not laboring under a misconception of the law; rather, he concluded the requested instruction was not required because the evidence was insufficient to raise any doubt as to appellant's mental capabilities as a mitigating circumstance. Government counsel maintain that the instruction was properly refused on that basis. Whether the evidence was sufficient need not detain us. The judge instructed the members to consider the psychiatric report and appellant's statement, and the recommendation of the court members indicates they responded sympathetically to both. Thus, what the judge did was, substantively, as effective as what he would have said had he given the requested instruction.

The decision of the United States Navy Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge PERRY concur.