## UNITED STATES
### v.
### Airman Basic William G. RICK, FR 472–78–9216, United States Air Force.
### ACM S24895.

U. S. Air Force Court of Military Review.

Sentence Adjudged 12 Dec. 1979.

Decided 30 June 1980.

---

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Major Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel James P. Porter and Lieutenant Colonel William H. Seckinger, USAFR.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

The accused pleaded guilty to two specifications of absence without leave, violations of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886.

First, appellate defense counsel contend that the accused's pretrial confinement was unlawful since the record of trial was devoid of any indication that the accused was afforded a pretrial confinement hearing. *Courtney v. Williams*, 1 M.J. 267 (C.M.A.1976). No objection was made at trial concerning either pretrial confinement or the pretrial confinement hearing. The trial court was the appropriate forum for litigating these matters. We hold that they may not now be raised for the first time on appeal. Manual for Courts-Martial, 1969 (Rev.), paragraph 67*b*.

In the second assignment of error the appellate defense counsel contend the military judge erred by not instructing the court that a minimum sentence of "no punishment" could be adjudged.

A trial judge must tailor his instructions on sentencing to both the law and the facts. *United States v. Slaton*, 6 M.J. 254 (C.M.A.1979); *United States v. Wheeler*, 17 U.S.C.M.A. 274, 38 C.M.R. 72 (1967); *United States v. Cook*, 11 U.S.C.M.A. 579, 29 C.M.R. 395 (1960). While there is a basic requirement that the court-martial be properly advised of the legal limitation of punishment, there is no requirement that an instruction of no minimum punishment on sentence be given. *United States v. Goodman*, 31 C.M.R. 397 (N.B.R.1961).

To avoid the possibility of prejudice to the accused, the military judge should carefully shape his instructions on sentence to both the law and the evidence so as to fully inform the court-martial of its responsibilities. *United States v. Wheeler, supra*. This might well include an instruction as to a specific lesser form of punishment, including "no punishment," if, under the facts presented, such instruction is considered to be appropriate in informing the court of its

responsibilities. See *United States v. Goffe*, 15 U.S.C.M.A. 112, 35 C.M.R. 84 (1964); *United States v. Jones*, 14 U.S.C.M.A. 177, 33 C.M.R. 389 (1963).

█ In this case, the accused was absent without leave for two periods of time totaling approximately three months and had received punishment under Article 15, Code, *supra*, on three prior occasions. Matters in extenuation and mitigation, including the accused's family background, age, psychiatric evaluation, voluntary return and pretrial confinement were called to the court's attention by the military judge. Lesser punishments including reprimand and admonition were also explained to the court. Under these circumstances, we find the military judge did not abuse his discretion in refusing to instruct the court that they could return a sentence of "no punishment."

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

MILES, Judge, concurs.

HERMAN, Senior Judge, absent.