UNITED STATES

v.

Airman Scott A. McLESKEY, FR 374–68–5581 United States Air Force.

ACM 23679.

U. S. Air Force Court of Military Review.

Sentence Adjudged 10 Aug. 1982.

Decided 30 Dec. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens, Major William H. Lamb, Major Alexander S. Nicholas, and Colonel Anthony C. Vance, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Major George D. Cato, and Major Michael J. Hoover.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

DECISION

PER CURIAM:

Consistent with his pleas, the accused was convicted of larceny, breaking restriction, and using a false identification card with intent to deceive in violation of Articles 121 and 134, U.C.M.J., 10 U.S.C. §§ 921, 934. He was sentenced to a bad conduct discharge, confinement at hard labor for 15 months, forfeiture of all pay and allowances, and reduction to airman basic.

## I

The accused urges that the trial judge erred in not granting a challenge for cause against a member whose *voir dire* answers reflected "an inelastic attitude" toward intoxication as a mitigating factor. *See United States v. Cosgrove*, 1 M.J. 199 (C.M.A. 1975). The challenged member said he would consider evidence of intoxication in arriving at a sentence, but indicated his reliance on such evidence would not be "great." In an unsworn statement the accused testified he was drunk when he committed the offenses.

■ We first observe that a trial judge is given wide discretion in determining a member's qualifications to sit on a trial, and his ruling should not be overturned unless he abuses that discretion. *United States v. Davenport*, 14 M.J. 547 (A.C.M.R.1982); *United States v. Sumter*, 1 M.J. 588 (A.C.M. R.1975). An accused is entitled to court members who will consider *all* the evidence in arriving at an appropriate sentence; he is not guaranteed a member who will agree to give the evidence offered by him the greatest weight. The moving party has the burden of maintaining the challenge. *United States v. Davenport, supra.* We are convinced the defense did not carry their burden in this case. The trial judge properly denied the challenge for cause. *United States v. Tippit*, 9 M.J. 106 (C.M.A.1980); *United States v. McGowan*, 7 M.J. 205 (C.M. A.1979).

## II

■ During the presentencing portion of the trial the military judge refused to instruct the court that a plea of guilty

* This Army publication is to be used by Air Force trial judges as a pattern instruction guide. Letter from the Trial Judiciary Division,

usually saves the government time, effort and expense. See Department of the Army Pamphlet 27–9 (May 1982), Military Judges' Benchbook, para. 2–37.* This was error as the trial judge must tailor his instructions on sentencing to both law and facts. An accused's plea of guilty which is potentially beneficial to the government is a circumstance that the sentencing body may properly consider. *United States v. Wheeler*, 17 U.S.C.M.A. 274, 38 C.M.R. 72 (1967); *see United States v. Whittier*, 14 M.J. 606 (A.F. C.M.R.1982); *United States v. Rick*, 9 M.J. 776 (A.F.C.M.R.1980). We will reassess the sentence. *United States v. Whittier, supra; United States v. Telfare*, 36 C.M.R. 665 (A.B.R.1966); *pet. denied* 36 C.M.R. 541 (C.M.A.1966).

In view of the foregoing, we reassess the sentence and find appropriate only so much as provides for a bad conduct discharge, confinement at hard labor for 12 months, forfeiture of all pay and allowances and reduction to airman basic.

Pursuant to *United States v. Lynch*, 13 M.J. 394 (C.M.A.1982), an administrative credit for unlawful pretrial confinement is ordered. *United States v. Pettersen*, 14 M.J. 608 (A.F.C.M.R.1982).

The findings of guilty, and the sentence, as modified, herein are

AFFIRMED.

Office of The Judge Advocate General to All Military Judges and Court Administrators (28 June 1982).