UNITED STATES

v.

**Airman First Class George R. SIMPSON, FR 184–54–2333 United States Air Force.**

**ACM 23764.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 15 Nov. 1982.

Decided 10 May 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Conrad C. Baldwin, Jr.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel William H. Seckinger, USAFR.

Before HODGSON, HEMINGWAY, and MILLER, Appellate Military Judges.

## DECISION

### PER CURIAM:

The accused and his associates, all of whom worked in the Accounting and Finance Office, developed a scheme to defraud the government of large sums of money. Their plan went awry and, consistent with his pleas, the accused was convicted of conspiracy to commit larceny, and multiple larcenies totalling over $8,573.00, in violation of Articles 81 and 121, U.C.M.J., 10 U.S.C. §§ 881, 921. Pursuant to a pretrial agreement, the approved sentence extends to a bad conduct discharge, confinement at hard labor for 30 months, forfeiture of $382.00 per month for 30 months, and reduction to airman basic.

 During the presentencing portion of the trial the military judge, after being requested to do so and for reasons not stated in the record, refused to instruct that a guilty plea usually saves the government time, effort and expense. Additionally, he refused to instruct that a punitive discharge deprives an individual of substantially all benefits administered by the Veterans Administration and the Air Force.\* Both are pattern instructions contained in the trial judges' benchbook. See Department of the Army Pamphlet 27–9, Military Judges' Benchbook, para. 2–37 (May 1982).

It was error for the trial judge not to give the requested instructions. An accused's plea of guilty which is potentially beneficial to the government is a circumstance that the sentencing body may consider. *United States v. McLeskey*, 15 M.J. 565 (A.F.C.M.R.1982). Likewise, the general consequence of a punitive discharge is also a factor to be considered. *Accord United States v. Quesinberry*, 12 U.S.C.M.A. 609, 31 C.M.R. 195 (1962).

Normally the trial judge's refusal to instruct that a guilty plea can benefit the government would be cured by reassessing the sentence. *United States v. McLeskey, supra.* However, since this instructional error is also coupled with a refusal to inform the court of the general consequences of a punitive discharge, we deem a rehearing on sentence to be the proper remedy. The remaining assigned errors have been considered and are resolved adversely to the accused. The findings of guilty are affirmed. The sentence is set aside and rehearing on sentence is ordered.

---

\* We also note that the trial judge did not have an out-of-court hearing on sentencing instructions prior to giving them to the court. The better practice is to hold such an hearing and we strongly endorse this procedure. Para 2–36, Military Judges' Benchbook, *supra.*