**UNITED STATES**

v.

**Airman First Class Stephen R. REBUCK, FR 349–52–9314 United States Air Force.**

**ACM S25754.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 June 1982.

Decided 22 June 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before KASTL, RAICHLE, and SNYDER, Appellate Military Judges.

## DECISION

RAICHLE, Judge:

The accused was charged with eleven specifications of use of marijuana on divers occasions, one specification of transfer of marijuana, and one specification of possession of marijuana. He pled and was found guilty of all eleven use specifications. He pled not guilty but was found guilty of the transfer and possession specifications in a trial with members. The approved sentence is a bad conduct discharge, confinement at hard labor for three months, forfeiture of $285.00 per month for three months, and reduction to airman basic.

In a single assignment of error, the accused argues that the military judge abused his discretion in denying a defense motion for mistrial. We agree.

The defense assertion of error is grounded on events centering on an obstreperous juror which occurred at various points during the court-martial proceedings. Initially, during voir dire it came to light that one of the members, Lt Col H, had acted as assistant trial counsel in a court-martial involving drugs in 1965. When queried as to whether this experience would impact on his deliberations in this case, he replied that he did not remember enough about it to say anything. A challenge for cause based upon his prior experience was properly denied.

Subsequently, after final arguments and instructions but prior to deliberations, Lt Col H questioned court procedures; specifically, he queried why the members had been advised that the accused had pled guilty to some of the specifications. After being properly instructed as to this matter, the court closed and returned findings of guilty to the two contested specifications.

During sentencing proceedings, Lt Col H questioned a ruling by the military judge on a defense objection and posed an antagonistic question to a defense witness.

All parties to the trial agreed that the accused would not receive a fair trial if Lt Col H participated further; accordingly, a challenge for cause was sustained and he was excused. The defense then pursued the matter further and moved for a mistrial based on the probability that the preconceived opinions of Lt Col H had affected the other members of the court when they deliberated on findings. Trial counsel concurred, stating: "I think that it is within your discretion to declare a mistrial and grant the motion for a new trial, and I think it might be advisable at this time." Although the military judge stated that it was his perception that Lt Col H was definitely biased, he refused to grant the defense motion for a mistrial since he was not convinced that there had been any manifest injustice in the findings portion of the trial.

Later in the sentencing proceedings, another court member made an injudicious comment indicating his disgust with the manner in which the trial was proceeding. Defense again moved for a mistrial as to the entire proceeding. Trial counsel was not requested to comment on the motion but registered no indication that he had changed his position. At this juncture the military judge granted the motion for mistrial, but only as to sentence.

Sentencing proceedings resumed two months later with a new court panel; nothing untoward occurred and the members adjudged a sentence which was subsequently approved.

 The decision as to whether to grant a mistrial rests in the sound discretion of the military judge; his determination will not be reversed unless there is a clear abuse of that discretion. *United States v. Jeanbaptiste,* 5 M.J. 374 (C.M.A. 1978); *see United States v. Rosser,* 6 M.J. 267 (C.M.A.1979) and cases cited therein. A mistrial is appropriate whenever circumstances arise that cast substantial doubt upon the fairness or impartiality of the trial. M.C.M., 1969 (Rev.), para. 56e. However, a mistrial is a drastic remedy and it

should be granted only where the circumstances demonstrate "a manifest necessity to terminate the trial to preserve the ends of public justice". *United States v. Jeanbaptist, supra.*

■ The accused submits that a mistrial was appropriate, in addition to the granted challenge, because the acknowledged bias of Lt Col H so infected the other court members that it was not possible for the accused to receive a fair and impartial hearing. We agree. "It is the duty of the trial judge to maintain the integrity of trials by jury and if it appears at any stage of the trial before the verdict that misconduct of any juror or other person has tainted the panel with any sort of corruption, or intimidation, or coercion, the trial should be stopped and a mistrial granted." *United States v. Lynch,* 9 U.S.C.M.A. 523, 26 C.M.R. 303 (1958) (quoting *Klose v. United States,* 49 F.2d 177 (8th Cir.1931)).

We hold that the military judge abused his discretion by not granting a mistrial. The military judge opined that the vote of Lt Col H would not have affected the court's findings of guilty because of pencilled figures on the findings worksheet.* However, he did not take into consideration the effect that Lt Col H's comments during the deliberations on findings may have had on the *other* court members. The combination of these factors presents, in our opinion, too great a risk that the court members would be influenced against the accused. Accordingly, we will order the affected specifications set aside.

We now address the appropriate remedy. The accused argues that another rehearing on sentence should be ordered so that a new panel of members can adjudge an appropriate sentence based only on the remaining specifications to which the accused pled guilty and which were thus unaffected by the conduct of the members. The Government, on the other hand, argues that the sentence may be reassessed by this Court. We agree with the latter position. In arriving at this decision, we note that the sen-

tence adjudged was imposed at a rehearing on sentence by a panel of members which included none of the original court members who may have been tainted by Lt Col H. Thus, it is not a case where the sentence must be set aside, leaving no sentence to be reassessed. We also note that the affected specifications comprise only two of the 13 specifications charged, the accused having pled guilty to the rest. *Cf. United States v. Rosser,* 6 M.J. 267 (C.M.A.1979) (rehearing on sentence ordered when nine out of ten specifications ordered dismissed.) Further, the military judge found, and the court was instructed, that one of the affected specifications was multiplicious with another specification to which the accused had pled guilty. Accordingly, in light of the peculiar facts of this case, we believe reassessment by this Court to be appropriate.

Specifications 10 and 13, as renumbered after arraignment, are set aside and ordered dismissed. We have reassessed the sentence and find it nevertheless appropriate. The remaining findings of guilty and the sentence, as reassessed, are

AFFIRMED.

KASTL, Senior Judge, and SNYDER, Judge, concur.

---

* Pencilled figures on the findings worksheet contained the numbers "6–0" and "5–1" as to the

two litigated specifications.