### UNITED STATES

v.

**Staff Sergeant Johnny M. HOPKINS, FR 246–98–1168, United States Air Force.**

**ACM S27585.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 22 July 1987.

20 Nov. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Lynne H. Wetzell.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Major Kathryn I. Taylor and Lieutenant Colonel Robert J. Webster, USAFR.

Before FORAY, MICHALSKI and MURDOCK Appellate Military Judges.

## DECISION

MURDOCK, Judge:

This case presents an unusual question about presentencing instructions. The appellant was found guilty of marijuana use pursuant to his pleas of guilty. During the Article 39(a), U.C.M.J., session on presentencing instructions the defense counsel submitted a proposed instruction on the effect of a bad conduct discharge. We hold that the military judge was within his discretion in declining to give the requested instruction.

For several years Air Force military judges have been encouraged to use the instructions found in the *Military Judges' Benchbook*, Department of Army Pamphlet (D.A.P.) 27–9 (1 May 1982). Air Force Regulation (A.F.R.) 111–1, Military Justice Guide, para. 4–1 (1 August 1984). Despite this guidance, military judges have considerable discretion in deciding what instructions to give. R.C.M. 1005; *United States v. Johnson*, 1 M.J. 137 (C.M.A.1975). The trial judge in this case has habitually instructed from the instruction guide used in the Air Force before the *Military Judges' Benchbook* was adopted.

During the presentencing portion of the trial, the military judge gave the following instruction:

You are advised that a bad conduct discharge is designed as punishment for bad conduct and is a means of punishment for those who should be separated punitively under conditions other than honorable. You are further advised that with regard to Veterans' benefits a bad conduct discharge adjudged by a special court-martial is reviewed on its facts in most cases by the agency administering the particular benefit in question before

determining eligibility. A bad conduct discharge is the only type of discharge the court is authorized to adjudge in this case.

The disagreement in this case centers around the sentence concerning veterans' benefits. In the instruction which was given the judge stated:

> You are further advised that with regard to Veterans' benefits a bad conduct discharge adjudged by a special court-martial is reviewed on its facts in most cases by the agency administering the particular benefit in question before determining eligibility.

The requested instruction, on the other hand, included the following statement:

> A bad conduct discharge deprives one of substantially all benefits administered by the Veterans' Administration and the United States Air Force.

The requested instruction is essentially the same as the instruction found in the *Military Judges' Benchbook.* D.A.P. 27–9, 2–36, 1 May 1982. As such, its use appears to be strongly suggested in the Air Force. A.F.R. 111–1, para. 4–1 (1984). Even more persuasive are the several Air Force Court of Military Review cases which appear to make an instruction similar to this mandatory when it is requested by the defense. *United States v. Simpson,* 16 M.J. 506 (A.F.C.M.R.1983); *United States v. Chasteen,* 17 M.J. 580 (A.F.C.M.R.1983), *rev'd in part/aff'd in pertinent part,* 24 M.J. 62 (C.M.A.1987).

■ Our review has led us to conclude, however, that the instruction given by the military judge was a more accurate description of the effect of a bad conduct discharge, adjudged by a special court-martial, than the pattern instruction found in the *Military Judges' Benchbook.* Our review of Air Force and Veterans' Administration benefits convinces us that there is a distinct difference in the effect of a bad conduct discharge when it is awarded in a special court-martial from when it is adjudged by a general court-martial. When a bad conduct discharge results from a general court-martial, the effect on veterans' and service benefits is essentially the same as that which results from a dishonorable discharge. That is, such a sentence renders a servicemember ineligible for most of these benefits.

■ This is not the case when the discharge has been adjudged by a special court-martial. Servicemembers who have received bad conduct discharges from special courts-martial are considered tentatively eligible for nearly all benefits administered by the Veterans' Administration. A table listing the benefits contains a footnote stating that the benefits are available "subject to a review of the facts surrounding the discharge by the agency administering the benefit." Air Force Pamphlet 110–3, *Civil Law Manual,* Atch 2, 17 May 1976.

Both *Chasteen* and *Simpson* were general courts-martial. The *Military Judges' Benchbook* instruction was appropriate for those cases, and our holding in this case will not disturb the holdings in those cases. However, we do find that the instruction in the benchbook is not as accurate as it could be when the forum is a special court-martial. We believe an instruction such as the one given by the military judge in this case is entirely appropriate.

The military judge did not err in refusing to give the requested instruction. The approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.