**UNITED STATES, Appellee,**

v.

**Chief Warrant Officer Two Joseph G. BLEVINS, Jr., 460–96–2645, United States Army, Appellant.**

**ACMR 8800149.**

U.S. Army Court of Military Review.

25 Nov. 1988.

---

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Eric T. Franzen, JAGC, Captain Wayne D. Lambert, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Martin D. Carpenter, JAGC (on brief).

Before DeFORD, KANE and WERNER, Appellate Military Judges.

1. The trial defense counsel expressly indicated for the record that he would have used his peremptory challenge against another court member but for the denial of the challenge for cause.

## OPINION OF THE COURT

WERNER, Judge:

Pursuant to his pleas, appellant was found guilty of desertion and six specifications of larceny in violation of Articles 85 and 121 of the Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 885. A court composed of members sentenced him to a dishonorable discharge, confinement for five years and forfeiture of all pay and allowances. In accordance with a pretrial agreement, the convening authority approved only so much of the sentence as provides for a dishonorable discharge, confinement for twelve months and forfeiture of $1400.00 pay per month for twelve months.

Appellant contends that the military judge abused his discretion when he denied a challenge for cause by the defense against a court member and thereby compelled the defense to use its only peremptory challenge to excuse that member.[1] In essence, the appellant alleges that the challenged court member rejected "no punishment" as a sentencing option. *See United States v. Smart*, 21 M.J. 15 (C.M.A.1985).

During voir dire, the court member responded to a question from the trial defense counsel by stating that "no punishment" was not a sentencing option. Subsequently, in response to questions from the trial counsel, he further stated that he was "aware that punishment can range from no punishment to slight punishment of a letter of reprimand all the way up to discharge and confinement," that he had not decided upon an appropriate punishment for the appellant, and that he would listen to all of the evidence before making that determination. In denying the challenge for cause, the military judge suggested that the member was at first confused by the defense counsel's question. The judge rhetorically asked, "Does the defense care to venture an estimate of their guesses to how many court members when presented with a copy of the charges and specifications similar to this, if asked the question in that manner

would likewise say that they think something ought to happen?" By his denial of the challenge, apparently the judge believed the court member had been adequately rehabilitated by the trial counsel.

■ We hold that the military judge correctly denied appellant's challenge for cause. Although rulings on challenges for cause are left to the sound discretion of the military judge, *United States v. Deain,* 17 C.M.R. 44 (C.M.A.1954), it does not mean that this Court may "abdicate its responsibility to assure that military accused are tried by court members who are unbiased as to findings and sentence." *United States v. Smart,* 21 M.J. at 19.

■ A sentence to "no punishment" is part of the panoply of punishment options which a sentencing authority must consider in arriving at a just and appropriate sentence. *United States v. Smart, supra. See also United States v. Goffe,* 35 C.M.R. 84 (C.M.A.1964); Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1002. When a court member responds to voir dire questions in a manner that demonstrates misunderstanding or rejection of this aspect of juridical duty, it is incumbent upon the trial judge to clarify on the record that court member's position and, if warranted, inquire into the court member's qualifications to continue to sit as an impartial arbiter. *United States v. Heriot,* 21 M.J. 11 (C.M.A.1985). "A member is not automatically disqualified, however, if he is candid enough to admit to an unfavorable inclination toward a particular offense ... [t]he test is whether the member's personal bias is such that it will not yield to the evidence presented and the judge's instructions." *United States v. Reynolds,* 23 M.J. 292, 294 (C.M.A.1987).

We see little difference between a member's unfavorable inclination toward a particular offense and an unfavorable inclination toward a particular punishment option. In this case, when the court member stated that he rejected "no punishment" as a sentencing option for the offenses to which appellant pled guilty, further clarification was warranted in order to determine whether the member's response represented a misunderstanding of the defense counsel's question or an inflexible predisposition not to follow the underlying legal precept involved. Normally, the military judge should make the necessary inquiry. In the event the member misunderstands the law, then appropriate instructions should be given to remedy the situation. If the member, understanding the law, nevertheless is unable or unwilling to follow it, then he must be discharged. *See United States v. Lane,* 18 M.J. 586 (A.C.M.R.1984). Although the military judge did not conduct such inquiry but merely concluded that the court member was confused by the defense counsel's question concerning his sentencing predisposition, we find that his conclusion was correct. Unlike the court member in *United States v. Smart, supra,* who expressly refused to consider the "no punishment" option, this member's responses to questions from the trial counsel clearly establish that he was not inflexibly predisposed to reject that sentencing option.

We note that court members are not required to affirmatively attest to the "viability" of any punishment as a prerequisite to establishing their qualifications to act as court members. They are merely required to recognize the *availability* of various punishments, including "no punishment," which in this case the challenged member did. The viability of various punishment options is a matter for court members to determine as part of their deliberations. By stating he would consider it as part of the range of punishments available and that he would make his determination after hearing all the evidence, he met the test set out in *United States v. Reynolds, supra,* that his personal inclination would yield to the evidence and the judge's instructions. Accordingly, the military judge's denial of appellant's challenge did not amount to an abuse of his discretion.

The findings and sentence are affirmed.

Senior Judge DeFORD and Judge KANE concur.