**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Frankie ROBERTSON (Webb),**
**Defendant-Appellant.**

**No. 72-1333**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 23, 1972.

Rehearing Denied July 5, 1972.

* ▇ Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Douglas Riley, Jr., Dallas, Tex. (Court-appointed), for defendant-appellant.

Eldon B. Mahon, U. S. Atty., William E. Smith, Asst. U. S. Atty., Ft. Worth, Tex., Richard H. Stephens, Asst. U. S. Atty., Trial Atty., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Mrs. Frankie Robertson (Webb) appeals from a judgment of conviction entered upon a jury verdict finding her guilty of unlawfully having in her possession the contents of a letter stolen from the United States mail in violation of 18 U.S.C. § 1708. She here challenges the sufficiency of the evidence, the instructions to the jury and the admission of certain evidence at trial. Upon examination of the briefs and the record we find no error and affirm.

Robertson's principal contention is that the government failed to produce evidence sufficient to support the jury's verdict that the department store credit card which she had in her possession had been stolen from the mails. We disagree. The department store credit manager testified that the credit card in question was prepared and mailed in the regular course of business, although he had no specific knowledge as to the particular credit card. Alvin Alexander, the credit car applicant, testified that he had applied for a credit card from the department store. He also stated that he had never received the card and that the signature on the card was not his. Alexander said that he did not know Robertson and had never given his permission for her to have or use his credit card. Robertson was employed at the Terminal Annex United States Post Office and her supervisor testified that she worked on the letter sorter machine where credit cards and all types of mail passed through. Gloria Wright, a neighbor of Robertson, testified that she had seen six credit cards from the same department store in Robertson's apartment and was told by Robertson that the cards were given to her at the Post Office. While the proof of the mailing and the theft from the mail is circumstantial this court has held that these facts may be established by circumstantial evidence, Smith v. United States, 343 F.2d 539, 543 (5th Cir. 1965), and the proof in this case amply supports the jury's verdict.

Robertson also complains that the government was permitted to show that Gloria Wright was given one of the credit cards by Robertson which she had seen in Robertson's apartment and that she and Robertson went together to the department store to make purchases.

Although this evidence concerned a different credit card from the one which Robertson was charged with possessing it was nevertheless relevant evidence tending to show Robertson's knowledge that the card which she possessed was stolen from the mails. The court did not abuse its discretion in admitting such evidence. United States v. Smith, 446 F.2d 200, 203 (4th Cir. 1971).

Finally we find no error in the clear and careful instructions which the court gave to the jury. Under the facts of this case the court did not err in instructing the jury as to the presumption which may be drawn from unexplained possession of recently stolen property. Hale v. United States, 410 F.2d 147 (5th Cir. 1969). There is absolutely no merit to Robertson's contention that the court erred in failing to read and explain to the jury the other two offenses set forth in 18 U.S.C. § 1708, in addition to the portion of § 1708 under which she was charged. The court fairly and fully explained the elements of the offense charged and the issues which the jury had to resolve. The judgment is affirmed.