**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joe D. ROBERTS, Defendant-Appellant.**

**No. 72-2463.**

United States Court of Appeals,
Fifth Circuit.

Aug. 9, 1973.

Rehearing Denied Sept. 5, 1973.

Craig R. Wilson, West Palm Beach, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Charles Farrar, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GEWIN, Circuit Judge:

After a joint trial before a jury appellant Joe D. Roberts was convicted on two counts of possessing United States Treasury checks stolen from the mails, knowing them to be stolen, two counts of forging the checks, and two counts of uttering the checks, knowing the endorsements to be forged.[1] On appeal Roberts makes numerous contentions none of which entitles him to relief. Accordingly the judgment of conviction entered by the district court is affirmed.

Of primary concern to the court in this case is appellant's assertion that the trial court committed error of constitutional proportions when it instructed the jury that it is permissible to infer guilty knowledge from the unexplained possession of recently stolen property. Although this jury instruction had been approved by this court in many of our prior decisions,[2] it is clearly arguable that our decision in United States v. Cameron[3] somewhat undermined this line of authority and left the status of the unexplained possession instruction subject to doubt. We held that in the circumstances present in Cameron the unexplained possession instruction impermissibly prejudiced the rights of the defendant in two respects: "(1) it permitted the jury to infer the fact of knowledge, one element of the offense,

from the fact of possession, the other element of the offense; and (2) it improperly infringed the appellant's privilege against compulsory self-incrimination under the Fifth Amendment to the United States Constitution."[4]

Consideration of the applicability of Cameron to the case now before us has been rendered unnecessary, however, by the Supreme Court's recent decision in Barnes v. United States.[5] As in our case the petitioner in Barnes had been convicted on two counts of possessing checks stolen from the mails after the unexplained possession instruction had been given to the jury. There was little evidence against the petitioner other than the fact of possession and the absence of any plausible explanation for such possession. Petitioner challenged the instruction on the same constitutional grounds that led us to disapprove it in Cameron.

The Supreme Court rejected this court's rationale and sustained the use of the challenged instruction. It held that once evidence of possession of recently stolen property is produced and is left inadequately explained, such evidence is sufficient to enable the jury to find beyond a reasonable doubt that the possessor knew the property to be stolen. Since the inference satisfies the reasonable doubt standard, it fully satisfies the requirements of due process. Moreover, the Court ruled that the unexplained possession instruction does not violate the constitutional privilege against self-incrimination. While recognizing that the use of the inference, just like the introduction of evidence against a defend-

---

1. The co-defendant Shirley Foster, who was tried with Roberts was convicted under certain counts of the indictment, but she is not involved in this appeal.

2. See, e. g., United States v. Robertson, 460 F.2d 1250 (5th Cir. 1972). See also Hale v. United States, 410 F.2d 147 (5th Cir. 1969), cert. denied 396 U.S. 902, 90 S.Ct. 216, 24 L.Ed.2d 179 (1970); Welch v. United States, 386 F.2d 189 (5th Cir. 1967); and Broom v. United States, 342 F.2d 419 (5th Cir. 1965).

3. 460 F.2d 1394 (5th Cir. 1972).

4. Id. at 1399.

5. 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). Our decision in this case was withheld pending the Supreme Court's disposition of the same issue in United States v. Barnes which was under consideration at the time of oral argument.

ant, tends to increase the pressure on him to testify, the Court nevertheless reasoned that "The mere massing of evidence against a defendant cannot be regarded as a violation of his privilege against self-incrimination." [6]

 The teaching of *Barnes,* then, is that the use of the unexplained possession instruction fully comports with all constitutional guarantees accorded a defendant caught in the grips of the criminal justice system. Anything we said to the contrary in *Cameron* has been implicitly overruled. In this case there was strong evidence that Roberts had been in possession of the stolen checks in question, and no explanation for his possession was offered. In addition there was other incriminating evidence. In these circumstances it was entirely proper for the trial court to instruct the jury as to the inference which may be drawn from unexplained possession of recently stolen property.

 The remaining contentions made by appellant Roberts are equally unavailing. Roberts argues that the trial court erred in admitting into evidence the extrajudicial confession of his codefendant Shirley Foster. He takes the position that certain admissions contained in the confession were highly prejudicial to him insofar as they referred to stolen checks not in question in his case and that the introduction of the extrajudicial confession denied him his sixth amendment confrontation rights. But these arguments overlook the fact that Foster's confession appeared to absolve Roberts of guilt in this matter. Since it did not implicate him, its admission into evidence could not possibly have prejudiced him. This court has held that when a codefendant's extrajudicial admissions do not implicate the defendant, receipt of such admissions into evidence does not violate his right to confrontation.[7] It follows that the trial court did not err when it admitted Foster's confession into evidence.

Roberts contends that the jury instructions as to what constitutes aiding and abetting were grossly inadequate. We have examined the court's charge and are satisfied that it sufficiently informed the jury of the necessity of finding both a specific criminal intent and active participation in the crime on the defendant's part before convicting him of aiding and abetting. We also note that appellant neither objected to these instructions nor offered any better or different instructions.

 Finally Roberts argues that the evidence presented by the government is insufficient to support a guilty verdict on the six counts in question. Our painstaking review of the record forces us to disagree. Appellant's fingerprints were found on both of the stolen checks for the possession of which he was convicted, and the testimony of his codefendant's younger sister strongly indicated that he knew the checks were stolen and that he actively participated in the forging and uttering of them. In short there was sufficient evidence to support Robert's conviction on all counts.

We have considered all of the contentions made by appellant and found them to be without merit. Roberts received a fair trial and was found guilty. The judgment of the district court is affirmed.

Affirmed.

6. *Id.* at 847, 93 S.Ct. at 2363.

7. White v. United States, 415 F.2d 292 (5th Cir.), cert. denied 397 U.S. 993, 90 S.Ct. 1128, 25 L.Ed.2d 400 (1969). See also United States v. Lipowitz, 407 F.2d 597, 601–603 (3d Cir. 1969) ; Wapnick v. United States, 406 F.2d 741, 742 (2d Cir. 1968) ; and United States v. Levinson, 405 F.2d 971, 987–988 (6th Cir. 1968).