**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Preston Lavern HOWARD, Defendant-
Appellant.**

No. 72-2339.

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1973.

Certiorari Denied Dec. 17, 1973.
See 94 S.Ct. 850.

A. L. Vickers, Dallas, Tex. (Court Appointed), for defendant-appellant.

Eldon B. Mahon, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Ft. Worth, Tex., William F. Sanderson, Jr., Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Appellant Preston Lavern Howard was convicted by a jury on one count of possessing goods stolen from interstate commerce, knowing them to be stolen, in violation of 18 U.S.C. § 659. On appeal he contends that the trial court committed the following errors: (1) admitting evidence which was procured by an unconstitutional search and seizure; (2) instructing the jury on the inference to be drawn from the unexplained possession of recently stolen property; (3) improperly excluding as hearsay certain testimony bearing on the question of defendant's knowledge that the property in his possession was stolen; and finally (4) that the evidence presented by the government was insufficient to support a verdict of guilty. We affirm.

■ Our primary concern in this case is appellant's assertion that the unexplained possession instruction given by the trial court is unconstitutional. This assertion is strongly supported by our decision in United States v. Cameron, 460 F.2d 1394 (5th Cir. 1972) upon which appellant relies. In the circumstances of that case we held the unexplained possession instruction improper because: "(1) it permitted the jury to infer the fact of knowledge, one element of the offense, from the fact of possession, the other element of the offense; and (2) it improperly infringed the appellant's privilege against compulsory self-incrimination under the Fifth Amendment to the United States Constitution." 460 F.2d at 1399.

**230**

In its recent opinion in Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973) the Supreme Court emphatically rejected a challenge to the unexplained possession instruction on the same constitutional grounds that led us to disapprove it in *Cameron*.[1] That decision clearly and unequivocally teaches that the instruction violates neither the requirements of due process nor the privilege against self-incrimination. Use of the instruction was fully approved once evidence of possession of recently stolen property is produced and is left inadequately explained.

In light of *Barnes* we are bound to join the Court in registering our full approval of the use of the unexplained possession instruction. Anything we said to the contrary in *Cameron* has been implicitly overruled. *See* United States v. Roberts, 483 F.2d 226 (5th Cir. 1973). We conclude that in this case it was entirely proper for the trial court to instruct the jury on the inference which may be drawn from unexplained possession of recently stolen property.

■ We also find no merit in the remaining contentions made by appellant. The search which produced the shirts admitted into evidence against Howard did not violate his fourth amendment rights. Furthermore the record compiled in this case contains overwhelming evidence that Howard possessed the stolen shirts in question and that he knew them to be stolen. In view of the overwhelming evidence of guilt we are convinced that any error committed in excluding certain testimony of Louise Walker as hearsay was harmless beyond a reasonable doubt. The judgment of conviction entered by the district court is affirmed.

Affirmed.

---

1. When the instant case was orally argued the court and counsel were aware that the *Barnes* case was pending in the Supreme Court. We delayed our decision in this case until the *Barnes* decision was released.