**UNITED STATES, Appellee,**

v.

**Private (E-1) Jodie G. WILLIAMS, SSN 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, United States Army, Appellant.**

**CM 436871.**

U. S. Army Court of Military Review.

31 Oct. 1978.

**612**

Major Benjamin A. Sims, JAGC, Captain Larry D. Anderson, JAGC, and Captain Grifton E. Carden, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Michael B. Kennett, JAGC, and Captain Charles A. Cosgrove, JAGC, were on the pleadings for appellee.

Before DE FIORI, CARNE and THORNOCK, Appellate Military Judges.

OPINION OF THE COURT

CARNE, Senior Judge:

At a trial by general court-martial the appellant was convicted, contrary to his pleas, of failure to obey a lawful order of his superior commissioned officer, willful disobedience of a noncommissioned officer, and breaking restriction in violation of Articles 92, 91 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 891, 934, respectively. He was also convicted, in conformity with his pleas, of failing to go to his place of duty, wrongfully appearing in improper uniform, behaving with disrespect toward his superior commissioned officer, and being an accessory after the fact to robbery in violation of Articles 86, 134, 89 and 78, UCMJ, 10 U.S.C. §§ 886, 934, 889,

878, respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for three years and forfeiture of all pay and allowances. Pursuant to a pretrial agreement the convening authority approved only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for one year and forfeiture of all pay and allowances.

■ Among many errors alleged, appellant asserts that his plea of guilty to the offense of being an accessory after the fact to robbery was improvident because the military judge failed to explain to the accused the elements of robbery. We agree.

■ While conducting the inquiry mandated by paragraph 70b, Manual for Courts-Martial, United States, 1969 (Revised edition), and *United States v. Care,* 18 U.S.C. M.A. 535, 40 C.M.R. 247 (1969), the judge correctly explained the four elements of the offense of accessory after the fact but omitted an explanation of the elements of the substantive offense allegedly committed by the principals, i. e., robbery[1] to which the guilty plea related. Just as a military judge must instruct the court members on the elements of the substantive offense allegedly committed by the principals, we hold that he must explain these elements to the accused during the *Care* providency inquiry after a plea of guilty to an offense with a related substantive offense. Despite the fact that the appellant stated to the judge during the inquiry on the facts of the case that a robbery had occurred and the stipulation of fact (Pros. Ex. 1) recited that a robbery occurred with an explanation of the facts thereof, in our view, the military judge's omission in view of the clear mandate of *Care* was prejudicially erroneous. See *United States v. Yates,* 46 C.M.R. 854 (A.C.M.R.1972) and *United States v. Byrnes,* 44 C.M.R. 690 (A.C.M.R.1971) (elements of larceny omitted from inquiry on theft of mail matter). The contrary assertion by the Government that the holding of the United States Court of Military Appeals

---

1. See Note 1. Instruction 4–1, page 4–2, Military Judges' Guide, DA Pam 27–9, which states in pertinent part: "Here the court must be instructed on the elements of the offense allegedly committed by the principal."

in *United States v. Wimberly,*[2] permits a stipulation of fact to be used in determining the providency of a guilty plea is clearly distinguishable. In *Wimberly,* the record clearly reflected that the military judge explained the elements of the offense charged (felony murder) and the elements of the related offense of robbery, therefore, the stipulation of fact was used only in satisfying the requirement of *Care* for an interrogation into the facts of the offense. This difference is significant. We also find a significant difference in the case of *United States v. Kilgore*[3] wherein the United States Court of Military Appeals held the *Care* requirement for explanation of elements of the offenses was satisfied where the accused was advised that his plea would admit every fact and every technical element contained in the specifications and the accused was questioned at length regarding each offense and the detail and the progression of the questions was such that the accused must have understood that each group of questions dealing with a particular offense covered the essential elements of proof for that particular offense. In the instant case the interrogation into the facts by the military judge was not sufficient to cover the essential elements of proof for robbery.

We have carefully considered the other assigned errors and find them to be nonprejudicial or nonmeritorious.

The findings of guilty of Additional Charge II and its specification are set aside and in the interest of judicial economy, the Charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for ten months and forfeiture of $300.00 per month for ten months is affirmed.

Chief Judge DE FIORI and Judge THORNOCK concur.

2. 20 U.S.C.M.A. 50, 42 C.M.R. 242 (1970).

3. 21 U.S.C.M.A. 35, 44 C.M.R. 89 (1971).