UNITED STATES, Appellee,

v.

Private (E-2) David J. WILLIAMS, SSN 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, United States Army, Appellant.

CM 437292.

U. S. Army Court of Military Review.

22 Jan. 1979.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain Larry C. Schafer, JAGC, and Captain Terrence L. Lewis, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Michael B. Kennett, JAGC, and Captain Carl F. Meyer, Jr., JAGC, were on the pleadings for appellee.

Before DE FIORI, CARNE and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant entered pleas of guilty to three specifications alleging the offense of attempted robbery.[1] Although he was also charged with two specifications alleging assault with intent to commit murder,[2] he pleaded guilty in each instance to the lesser included offense of aggravated assault.[3] Appellant was found guilty in accordance with his pleas and sentenced to a dishonorable discharge, eight years' confinement at hard labor, and total forfeitures.[4] Pursuant to the terms of a pretrial agreement, the convening authority reduced the confinement portion of the sentence to five years, and otherwise approved the adjudged sentence.

I

■ Appellant asserts on this appeal that the military judge's providence inquiry concerning the guilty pleas to the three attempted robbery specifications was deficient. The judge's inquiry elicited from the appellant that, following ingestion of a quantity of alcohol and drugs, appellant decided that he "needed some money." He then took a pistol from his locker and went to a barracks room occupied by three other soldiers. Appellant pointed the pistol in the face of one of the victims, told them, "This is a robbery," and instructed them to put their wallets on one of the bunks in the room. When a second occupant of the room refused to comply, appellant pointed the pistol at him. This second victim grappled with appellant, and two or three shots were fired during their struggle. Two of these shots struck the second victim in the hand and shoulder. Appellant was then overpowered.

After eliciting these facts, the military judge then undertook to explain to the appellant the elements of the offense of attempted robbery, as required by *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). The military judge correctly explained the elements of a criminal attempt, but his explanation as to each of the attempt specifications omitted one of the

1. Alleged as violations of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880.

2. Alleged as violations of Article 134, UCMJ, 10 U.S.C. § 934.

3. Shooting at another with a dangerous weapon, *i. e.*, a pistol, in violation of Article 128, UCMJ, 10 U.S.C. § 928.

4. Reduction to the lowest enlisted grade was accomplished by operation of law. Article 58(a), UCMJ, 10 U.S.C. § 858(a).

elements of robbery. The element not covered by the judge was the intent permanently to deprive each victim of certain property. We recently held that a military judge who conducts a providence inquiry into the offense of being an accessory after the fact to a robbery must explain to the accused the elements of robbery. *United States v. Williams*, 6 M.J. 611 (A.C.M.R. 1978). That case, however, involved a total omission of the elements of robbery, whereas this case involves the omission of a single element. We do not base our analysis solely upon the number of elements omitted by the military judge; rather we look to the *Care* inquiry in its entirety and the nature of the element which was omitted. We are particularly concerned with the requirement that the plea must be knowingly and voluntarily made, based upon an understanding of the nature of the charge. *Compare United States v. Gallagher*, 12 U.S.C. M.A. 87, 30 C.M.R. 87 (1961) (Quinn, C. J., concurring) *with United States v. Weaver*, 20 U.S.C.M.A. 58, 42 C.M.R. 250 (1970).[5] The same concern is reflected in *United States v. Jeffers*, 47 C.M.R. 803 (N.C.M.R. 1973), holding that the incorrect statement of one element of the offense by the military judge during the *Care* inquiry does not render improvident an otherwise informed guilty plea.

The record in this case overwhelmingly establishes the providence and voluntariness of appellant's pleas. His repeated assertions that, as to each victim, he possessed the specific intent to commit robbery and his statements to the military judge that he would have robbed each victim had not resistance been offered established that, despite his consumption of quantities of alcohol and drugs, appellant was able to form the requisite intent for the offense of robbery. Appellant's pleas of guilty themselves, his acknowledgment that the essential facts of each crime were true, his use of a loaded pistol to perpetrate these offenses, his admitted first statements to his victims during the offense,[6] his statement that he needed money[7] and his testimony during extenuation and mitigation that at the time he wanted his mother, brothers and sisters to have a nice Christmas, are sufficient to establish that he intended to deprive each victim permanently of certain property. We also note that appellant told the military judge that he knew what a robbery was and understood that term.

■ Although our recent opinion in *United States v. Williams, supra,* spoke of the *Care* inquiry as being akin to the trial judge's instructions to the court members on the elements of the offense, our opinion in *Williams* should not be read as requiring a specific form of providence inquiry.[8] As we held in another context in *United States v. Winkler*, 5 M.J. 835 (A.C.M.R.), *pet. denied*, 6 M.J. 89 (C.M.A.1978), the military judge's providence inquiry is not deficient if the required inquiry appears directly on the record or is established by necessary inference from the record. Measured against this yardstick, appellant's pleas were provident.

## II

■ Appellant also contends that the military judge committed prejudicial error by viewing the quantum portion of the pretrial agreement prior to adjudging the sentence. In fact, the judge's view of the quantum occurred prior to his entry of findings and came in conjunction with his in-

---

**5.** *See also United States v. Wheeler*, 43 C.M.R. 853 (A.C.M.R.) (*en banc*), *rev'd on other grounds*, 20 U.S.C.M.A. 595, 44 C.M.R. 25 (1971).

**6.** "Give it up. This is a robbery. Put your wallets on the bed. This ain't no joke."

**7.** Appellant was apparently motivated by having been at fault in an automobile accident, with resultant substantial damage to a friend's car, earlier on the day in question. Appellant also seems to have been reminded of his financial need by a telephone conversation with his pregnant girlfriend held shortly before confronting his victims.

**8.** For the proposition that the *Care* inquiry need not contain a specific enumeration resembling a trial judge's instructions of the elements of the offense, *see United States v. Kilgore*, 21 U.S.C.M.A. 35, 44 C.M.R. 89 (1971).

887

quiry concerning appellant's understanding of the provisions of the pretrial agreement in this case. After examining the quantum portion of the agreement, the military judge made the following statement:

I again would like to state for the record that my view of Appellate Exhibit No. VI, the convening authority's duty under the agreement, is limited solely to the providence inquiry and will not be considered in any manner whatsoever in the court's own adjudication of a sentence. I am well aware of the case of *United States v. Green*,[9] which indicates that trial judges should not view the quantum portion of the agreement prior to adjudging their own sentence. However, I have also determined from *U. S. v. Green* that that is not mandatory, but merely suggested, and I have determined in nine years on the bench that I cannot determine whether a plea is truly provident unless I know what the terms, all the terms of the agreement are so that I can discuss with the defendant all the terms prior to my determination of providence.

The practice followed by this trial judge has been addressed by the United States Court of Military Appeals. That Court has commended to the trial judiciary the practice of delaying perusal of the quantum portion of a pretrial agreement in trials by judge alone until after sentence has been adjudged, on the grounds that such a practice tends to enhance the perceived fairness of the sentencing process. "Inquiry into the actual sentence limitations specified in the plea bargain should be delayed until after announcing sentence where the accused elects to be sentenced by the military judge rather than a court with members." *United States v. Green*, 1 M.J. 453, 456 (C.M.A.1976). Although we do not view the practice followed by the military judge in this case as prejudicially erroneous, especially in view of his on-the-record statements that he would consider matters contained in the quantum portion only on the

issue of providence, we disapprove the practice of making a pre-findings examination of the quantum in every guilty plea case tried by military judge alone.[10]

The findings of guilty and the sentence are affirmed.

9. 1 M.J. 453 (C.M.A.1976).

10. We do not preclude a military judge's presentencing examination of the quantum where

such a procedure is necessitated by the unique circumstances of an individual case.