UNITED STATES
v.
Technical Sergeant Nolan CHASTEEN,
FR 265–70–1347 United States
Air Force.
ACM 23946.

U.S. Air Force Court of Military Review.

Sentence Adjudged 8 March 1983.

Decided 16 Nov. 1983.

---

**2.** Article 32, Uniform Code of Military Justice, 10 U.S.C. 832.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Conrad C. Baldwin, Jr.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert E. Ferencik, Jr.

Before HODGSON, FORAY and MILLER Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The accused, while stationed in Korea, was a central figure in an extensive black marketing operation. He was also an active participant in a "marriage for hire" scheme in which American servicemen would marry Korean women who in turn would agree to a divorce after they entered the United States. The conduct described above resulted in the accused's conviction, following mixed pleas, of conspiring to engage in black marketing activities, black marketing, soliciting another to violate United States immigration laws, receiving stolen property, and obstructing the communication of information relating to a violation of Article 92, U.C.M.J., to a criminal investigator of the armed forces, in violation of Articles 81, 92, and 134, U.C.M.J. The approved sentence extends to a dishonorable discharge, confinement at hard labor for 17 years, forfeiture of all pay and allowances, and reduction to airman basic.

The accused has asserted seven assignments of error. Those warranting comment are discussed below.

### I

█ Contrary to his pleas, the accused was convicted of obstructing justice in violation of 18 U.S.C. § 1510 (Specifications 7 and 8 of Charge III). The record established that when the authorities became aware of the accused's black marketing activities he contacted his co-conspirators, Sergeant Abbott and Airman First Class Williams, and suggested that if they "stuck to the phony mail receipt story" everything would be "OK." The convening authority considered the conversation to be a violation of 18 U.S.C. § 1510 * and referred the matter to trial.

The accused argues that his alleged misconduct is not proscribed by the statute. After examining the federal decisions interpreting the statute, we agree.

The statute under which the Government chose to proceed was designed to deter interference with potential witnesses prior to initiation of judicial proceedings, and was not intended to deal with communications between accomplices in the commission of federal crimes. *United States v. Cameron,*

---

* § 1510. Obstruction of criminal investigations
 (a) Whoever, willfully endeavors by means of bribery, misrepresentation, intimidation, or force or threats thereof to obstruct, delay, or prevent the communication of information relating to any criminal statute of the United States by any person to a criminal investigator; or
 Whoever injures any person in his person or property on account of the giving by such person or by any other person of any such information to any criminal investigator—
Shall be fined not more than $5,000, or imprisoned not more than five years, or both.
 (b) As used in this section, the term "criminal investigator" means any individual duly authorized by a department, agency, or armed force of the United States to conduct or engage in investigations of or prosecutions for violations of the criminal laws of the United States.

460 F.2d 1394 (5th Cir.1972); *accord United States v. Hubbard,* 474 F.Supp. 64 (D.C. 1979). Here both Abbott and Williams were named co-conspirators in a black marketing allegation, and were identified in the trial judge's instructions to the Court as accomplices in the obstructing justice allegation. In our view, the accused's attempt to have Abbott and Williams "stonewall" any questions as to their participation in the black marketing ring was merely a continuation of their conspiracy with the accused. *See* Mil.R.Evid. 801(d)(2)(E). We choose to follow the guidance in *United States v. Cameron, supra.* For the reasons stated, Specifications 7 and 8 of Charge III are set aside and ordered dismissed.

## II

■ On 11 May 1982, the accused approached Airman Holland, through another individual, with a "marriage for hire" arrangement that would result in Holland being paid $1,700.00. The plan was simplicity itself. Holland would marry a Korean national who would obtain a visa and go to the United States. After she was in the United States for six months she would file for divorce. Entering into a sham marriage for the purpose of obtaining the unlawful entry of an alien in the United States is an offense under federal law. *Johl v. United States,* 370 F.2d 174 (9th Cir.1966).

Although the above facts strongly suggest the existence of a conspiracy by the accused, Holland and others to violate the immigration laws, the Government elected to treat the matter as soliciting another to commit a crime. The offense was alleged as a violation of Article 134, U.C.M.J. The operative statute is 8 U.S.C. § 1325 which states in part:

> Any *alien* who ..., (3) obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall, for the first commission of any such offenses, be guilty of a misdemeanor ... and for a subsequent commission of any such offenses shall be guilty of a felony ... [emphasis added].

As can be seen, only aliens are subject to criminal sanctions under the statute, the accused, Holland, and Garrett (through whom the accused approached Holland), are outside its parameters. The Government's theory of criminality is that the accused solicited other individuals to *assist* an alien to violate the above cited statute. Appellate defense counsel argue if the accused's guilt is to be established it would have to be under the guise that he counseled, commanded or procured another to commit an offense. *See* Department of the Army Pamphlet 27–9 (May 1982), Military Judge's Benchbook, para. 7–1(II). Accordingly, they urge that the trial judge erred by failing to instruct as to the theory under which the accused could incur criminal liability.

Under the facts of this case we agree. Assistant trial counsel, in his closing argument, told the court "that the accused can be guilty of solicitation, if he uses another to do his soliciting for him." We have no quarrel with this premise provided the court is properly instructed. It is apparent that the accused "counseled" others to do the actual solicitation; this being so the court should have been instructed on this theory. *See generally United States v. Sanders,* 14 U.S.C.M.A. 524, 34 C.M.R. 304 (1964). Specification 5 of Charge III is set aside. A rehearing may be ordered.

■ In a related assigned error appellate defense counsel also urge that the accused's guilty plea to similar allegations (Specifications 1 and 6 of Charge III) was improvident because the trial judge did not tell the accused that his criminal liability was based on the law of principals. We reject this argument. Our understanding of the mandate expressed in *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), is that the plea must be knowingly and voluntarily made, based upon an understanding of the nature of the charge. In his discussion with the trial judge, the accused told in detail his involvement to circumvent American immigration laws. The record clearly establishes the providence and voluntariness of the accused's pleas. The fact that the trial judge did not include a discussion of an instruction that *might* be required should the issue of guilt or innocence be submitted to the

court, does not render improvident an otherwise informed guilty plea. *United States v. Davenport,* 9 M.J. 364 (C.M.A.1980); *accord United States v. Wimberly,* 20 U.S.C. M.A. 50, 42 C.M.R. 242 (1970); *United States v. Williams,* 6 M.J. 884 (A.C.M.R. 1979); *but see United States v. Williams,* 6 M.J. 611 (A.C.M.R.1978).

## III

■ During the presentencing portion of the trial the military judge, after being requested to do so and for reasons not stated in the record, declined to instruct that a punitive discharge deprives an individual of substantially all benefits administered by the Veterans Administration and the Air Force. This was error. When requested to do so the trial judge must give this instruction. *United States v. Simpson,* 16 M.J. 506 (A.F.C.M.R.1983). A failure to give this instruction normally requires a rehearing on sentence which we deem to be the proper remedy in this case.

The remaining assigned errors have been examined and are resolved adversely to the accused. *United States v. Lavine,* 13 M.J. 150 (C.M.A.1982); *United States v. French,* 14 M.J. 510 (A.F.C.M.R.1982); *United States v. MacDonald,* 14 M.J. 615 (A.F.C.M. R.1982).

Specifications 7 and 8 of Charge III are dismissed. Specification 5 of Charge III is set aside. The remaining findings of guilty are affirmed. If a rehearing on Specification 5 of Charge III is deemed impracticable, that allegation may be dismissed, and a rehearing on sentence shall be held based on the remaining affirmed findings of guilty.

FORAY, Senior Judge, and MILLER, Judge, concur.