## UNITED STATES

v.

**Technical Sergeant Nolan CHASTEEN, FR 265–70–1347 United States Air Force.**

**ACM 23946 (recon).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 8 March 1983.

Decided 15 Dec. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Conrad C. Baldwin, Jr.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert E. Ferencik, Jr.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

## DECISION UPON RECONSIDERATION

### PER CURIAM:

In our initial review of this case this court decreed:

Specifications 7 and 8 of Charge III are dismissed. Specification 5 of Charge III is set aside. The remaining findings of guilty are affirmed. If a rehearing on Specification 5 of Charge III is deemed impracticable, that allegation may be dismissed, and a rehearing on sentence shall be held based on the remaining findings of guilty.

*United States v. Chasteen,* 17 M.J. 580 (A.F. C.M.R.1983).

Although our decree in the case did not specifically state "the sentence is set aside" and a rehearing ordered, such provision is clearly implicit.* As a result, appellate defense counsel have moved we reconsider our original decision and remove any doubt which may exist as to its import. The motion is granted. Appellant's Motion for Leave to Answer Reply to Motion for Reconsideration and For Leave to File Documents is also granted.

To clarify and remove any possible ambiguity, we hold: Specifications 7 and 8 of Charge III are dismissed. The finding of guilty of Specification 5 of Charge III is set aside and a rehearing ordered. The remaining findings of guilty are affirmed. The sentence is set aside and a rehearing thereon is ordered. If a rehearing on Specification 5 of Charge III is deemed impracticable, that allegation may be dismissed, and the rehearing on sentence shall be held based on the remaining affirmed findings of guilty.

---

* On 28 November 1983, The Judge Advocate General by letter transmitted a copy of this Court's original decision to LTTC/JA. This letter expressly states this Court had "set aside part of the findings of guilty and the sentence in the attached decision."