**UNITED STATES, Appellee,**

v.

**Staff Sergeant Bennett N. REHAK, 501–66–4417, United States Army, Appellant.**

**ACMR 8701382.**

U.S. Army Court of Military Review.

20 Jan. 1988.

---

For Appellant: Major Russell S. Estey, JAGC, Captain Brian D. DiGiacomo, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Carlton L. Jackson, JAGC, Captain Jody M. Prescott, JAGC (on brief).

Before HOLDAWAY, De GIULIO, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by general court-martial composed of officer and enlisted members. Contrary to his pleas, he was found guilty of larceny, soliciting another to commit an offense and obstruction of justice. He was sentenced to a bad-conduct discharge, confinement for three years, forfeiture of $450.00 pay per month for thirty-six months, and reduction to Private E–1. The convening authority approved the sentence.

Appellant alleges that the obstruction of justice specification should be dismissed for failure to state an offense because it involves communications between accomplices. We disagree and affirm.

Appellant was the supply sergeant for an aviation company. Using his position, he ordered batteries through supply channels, stole them, and sold them to Korean nationals. Private H assisted appellant in stealing the batteries. On the night before Private H was to take a polygraph examination regarding his involvement with appellant, appellant advised him to take five or six aspirin in order to "mess up" the polygraph test. This advice is the basis for the obstruction of justice specification.

Appellant urges this court to adopt the reasoning in *United States v. Chasteen,* 17 M.J. 580 (A.F.C.M.R.1983), *reconsidered on other issue,* 17 M.J. 800, *reversed in part,* 24 M.J. 62 (C.M.A.1987). In *Chasteen,* the Air Force appellate court followed the rationale of *United States v. Cameron,* 460 F.2d 1394 (5th Cir.1972) (overruled in part on other grounds by *United States v. Roberts,* 483 F.2d 226 (5th Cir.1973)), which held that the Federal Statute, 18 U.S.C. § 1510 (obstruction of justice), was not to apply to communications between accomplices. We believe that *Chasteen* can be distinguished from the case before us. In *Chasteen,* the accused was charged with obstruction of justice in violation of 18 U.S.C. § 1510 apparently under the third clause of Article 134,[1] Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 934 (1982). In the case *sub judice,* appellant is charged with obstruction of justice under the first clause of Article 134, UCMJ.

---

1. Manual for Courts–Martial, United States, 1984, paragraph 60c(1) explains, in general, Article 134, UCMJ. It provides, in part,

   Article 134 makes punishable acts in three categories of offenses not specifically covered in any other article of the code. These are referred to as "clauses 1, 2, and 3" of Article 134. Clause 1 offenses involved disorders and neglects to the prejudice of good order and discipline in the armed forces. Clause 2 offenses involve conduct of a nature to bring discredit upon the armed forces. Clause 3 offenses involve noncapital crimes or offenses which violate Federal law including law made applicable through the Federal Assimilative Crimes Act....

There are distinctions between the offense of obstruction of justice under the first clause of Article 134 and the Federal statutes. For example, 10 U.S.C. § 1503 has been consistently interpreted to require a pending judicial proceeding.[2] *United States v. Jones*, 20 M.J. 38, n. 2 (C.M.A. 1985). Under the Uniform Code of Military Justice, the offense is not so narrowly construed and can be based on conduct occurring prior to the formal preferral of charges. *United States v. Favors*, 48 C.M.R. 873 (A.C.M.R.1974). The essence of the offense denounced by Article 134, is obstructing or interfering with the administration of justice in the military uniform system. *United States v. Long*, 6 C.M.R. 60, 65 (1952). The elements of the Article 134, UCMJ, offense of obstructing justice are not dependent upon similar Federal criminal statutes. *United States v. Jones*, 20 M.J. 38 (C.M.A.1985); *United States v.*

*Chodkowski*, 11 M.J. 605, 607 (A.F.C.M.R. 1981), *aff'd*, 14 M.J. 126 (C.M.A.1982). Thus, we hold that the offense of obstruction of justice under the *first clause of Article 134*, UCMJ, applies to communications between accomplices.

The allegations of error, to include those personally raised by appellant, are without merit. The findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.

---

**2.** It appears that 18 U.S.C. § 1510 was enacted to apply the obstruction of justice offense proscribed by 18 U.S.C. § 1503 to instances where there are no pending judicial proceedings. Otherwise, the statutes appear to be the same.