UNITED STATES, Appellee,

v.

Robert G. WILLIAMS, Private, U.S. Army, Appellant.

No. 60,804.
CM 8702339.

U.S. Court of Military Appeals.

Sept. 26, 1989.

For Appellant: *Captain Timothy P. Riley* (argued); *Colonel John T. Edwards* and *Major Marion E. Winter.*

For Appellee: *Major Daniel J. Dell'Orto* (argued); *Colonel Norman G. Cooper* and *Lieutenant Colonel Gary F. Roberson.*

*Opinion of the Court*

COX, Judge:

Appellant was tried by a military judge sitting as a general court-martial at Darmstadt, Federal Republic of Germany. Pursuant to his pleas, he was found guilty of committing an assault intentionally inflicting grievous bodily harm, obstruction of justice, and carrying a concealed weapon, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 USC §§ 928 and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 5 years, total forfeitures, and reduction to private E–1. The sentence was

approved by the convening authority, except that, pursuant to a pretrial agreement, the period of confinement was reduced from 5 to 4 years. Appellant asserts that his plea of guilty to obstruction of justice is improvident because the conversations which form the basis for this charge were between himself and his accomplice.* This, he contends, is error under *United States v. Chasteen*, 17 MJ 580 (1983).

On July 1, 1987, appellant approached PFC "T," an acquaintance, outside a bar and "asked him to keep an eye on" the victim while appellant stepped inside. Appellant informed PFC "T" that the victim had been harassing a friend of his and that he "wanted to get him for it," or words to that effect. Appellant then entered the bar, "obtained a knife from an unknown person," concealed the knife in his back pocket, and returned outside. The victim subsequently entered the establishment, and appellant and PFC "T" followed him into the bathroom. The victim entered one of the stalls. Appellant took out the knife, opened the door of the stall, and stabbed the victim in the abdomen.

Two days later, appellant contacted PFC "T" and told him to leave the Federal Republic of Germany because of the ongoing investigation into the stabbing. PFC "T" informed appellant that he had no money, at which point appellant assured him that he would provide him whatever money was needed for him to leave. Appellant's "intent ... was to make" PFC "T" "unavailable to ... law enforcement personnel."

■ The question to be resolved is whether an accused can obstruct justice by encouraging an accomplice not to testify or otherwise cooperate with authorities. In *United States v. Chasteen, supra,* reconsidered on other issue, 17 MJ 800 (1983), *rev'd. in part,* 24 MJ 62 (CMA 1987), the United States Air Force Court of Military Review, looking at 18 USC § 1510, and following the logic of *United States v. Cameron*, 460 F.2d 1394 (5th Cir.1972)

(overruled in part on other grounds by *United States v. Roberts,* 483 F.2d 226 (5th Cir.1973)), found that such communications cannot form the basis of an obstruction-of-justice charge. However, in *United States v. Rehak*, 25 MJ 790 (1988), the United States Army Court of Military Review concluded that, at least where brought under the first clause of Article 134, communications between accomplices are subject to obstruction-of-justice charges. We agree with that court, with the qualification that these particular communications not embrace one of the objects of the original conspiracy.

Appellant argues that because the Article 134 obstruction-of-justice offense is historically based upon Federal obstruction-of-justice statutes, this Court is compelled to adopt the interpretation of those laws enunciated by the Federal courts in *Cameron* and *Chasteen*. In addition, appellant advocates that *Rehak* be overruled.

■ We reject appellant's argument because it neglects the long-standing precedent that an offense of obstruction of justice under the first or second clause of Article 134 of the Code exists independent from other Federal obstruction-of-justice statutes. *United States v. Jones*, 20 MJ 38, 40 (CMA 1985); *United States v. Long*, 2 USCMA 60, 6 CMR 60 (1952). Furthermore, a facial similarity between a military offense and a Federal crime does not mean that the offense must be brought under the third clause of Article 134. Rather, where appropriate, the charge may be brought under any one of the three clauses. If the elements of an offense are satisfied under the first or second clause, that offense "may be alleged, prosecuted and established under one of those." *United States v. Long, supra* at 65, 6 CMR at 65. Therefore, we hold that *Rehak* is applicable authority in this case.

However, we qualify *Rehak* so as to exclude those communications which were one of the objects of the original conspiracy

---

* The issue was presented to us as follows:
  WHETHER APPELLANT'S PLEA OF GUILTY TO OBSTRUCTION OF JUSTICE (SPECIFICA-
  TION 1, ADDITIONAL CHARGE) WAS IMPROVIDENT.

of the crime. A conspiracy between thieves to rob a bank and then leave the country cannot be split into (a) larceny, for robbing the bank, and (b) obstruction of justice, for conspiring to leave the country. Instead, the communications which form the basis of the obstruction-of-justice charge must in themselves constitute a complete and separate act which arose outside of the commission of the crime itself. *See generally United States v. Guerrero,* 28 MJ 223 (CMA 1989).

We hold that communications between accomplices are subject to obstruction-of-justice charges where they constitute a separate and distinct act by the accused. Therefore, we find that the guilty plea submitted by appellant was provident.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.