J-S32035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MAX BURNSWORTH, | : | |
| | : | |
| Appellant | : | No. 2008 WDA 2014 |

Appeal from the Judgment of Sentence entered on November 21, 2014
in the Court of Common Pleas of Fayette County,
Criminal Division, No. CP-26-CR-0001255-2014

BEFORE: SHOGAN, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 15, 2015**

Max Burnsworth ("Burnsworth") appeals from the judgment of sentence imposed after a jury convicted him of receiving stolen property.[1] We affirm.

The trial court summarized the relevant facts underlying this appeal in its Pa.R.A.P. 1925(a) Opinion; we incorporate the court's recitation herein by reference. *See* Trial Court Opinion, 2/13/15, at 2-4.

At the close of trial on November 5, 2014, the jury found Burnsworth guilty of receiving stolen property. On November 21, 2014, the trial court sentenced Burnsworth to serve 11½ to 23 months in the Fayette County Prison, and ordered him to pay $2,000 in restitution to the victim of the

---

[1] 18 Pa.C.S.A. § 3925(a).

theft, Ronald Martray ("Martray"). Burnsworth timely filed a Notice of Appeal.

On appeal, Burnsworth presents the following issue for our review:

[Whether] the Commonwealth did not present evidence beyond a reasonable doubt that [Burnsworth] was guilt[y] of receiving stolen property[,] in that the testimony of [Martray] was contradicted by another Commonwealth witness[,] and the jury would have to speculate on facts to base their verdict[?]

Brief for Appellant at 7 (capitalization omitted).

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

The standard we apply … is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that[,] as a matter of law[,] no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Melvin***, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

- 2 -

Burnsworth argues that the evidence presented by the Commonwealth was insufficient for the jury to find, beyond a reasonable doubt, that he was guilty of receiving stolen property. Brief for Appellant at 11-12. Burnsworth contends that the jury's verdict was "based on speculation," *id.* at 12, in light of conflicting Commonwealth testimony. *See id.* at 11 (arguing that "the jury was presented with the testimony of … Martray … and his son, Brandon Ozorowski ["Ozorowski"]. There is conflicting testimony as to what items were removed from the truck and what items were identified by both [Martray and Ozorowski].").

In its Pa.R.A.P. 1925(a) Opinion, the trial court thoroughly addressed Burnsworth's claim, set forth the relevant law, and determined that there was sufficient evidence to support Burnsworth's conviction of receiving stolen property. *See* Trial Court Opinion, 2/13/15, at 5-9. The record supports the trial court's sound rationale and determination, and we affirm on this basis in rejecting Burnsworth's sufficiency challenge. *See id.* As an addendum, even if there were conflicts in the trial testimony presented by Martray and Ozorowski, it was solely within the province of the jury to resolve such conflicts and weigh the evidence. *See Commonwealth v. Brown*, 52 A.3d 1139, 1163 (Pa. 2012); *see also id.* at 1164 (stating that "in applying th[e] standard [of review concerning sufficiency of the evidence challenges], a reviewing court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not

- 3 -

affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." (citation and quotation marks omitted)).   We may not substitute our judgment for that of the jury or re-weigh the evidence.  ***Melvin, supra***.

Because we conclude that the trial court properly rejected Burnsworth's challenge to the sufficiency of the evidence, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Shogan, J., joins the memorandum.

Olson, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2015

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   :
   :
         vs.   :   No. 1255 of 2014
   :
MAX GRANT BURNSWORTH   :
   :
        Defendant.   :

## Pa. R.A.P. 1925(b) Opinion

*Linda R. Cordaro, Judge*

      Before the Court is the "Concise Issue under Pa.R.A.P. 1925(b)" filed on December 11, 2014 by Appellant, Max Grant Burnsworth, hereinafter "Appellant". Following a jury trial Appellant was convicted of Receiving Stolen Property[1] on November 5, 2014. On November 21, 2014, Appellant was sentenced to incarceration in the Fayette County Prison for a period of not less than eleven and one-half (11 ½) and not more than twenty-three (23) months with credit for time served from May 16, 2014 until November 21, 2014. Appellant was also ordered to pay restitution in the amount of two-thousand ($2000.00) dollars to the victim, Ronald Martray. Appellant thereafter filed a timely appeal from judgment of sentence with the Superior Court.

---

[1] 18 Pa.C.S. § 3925(a) [F3]

# FINDINGS OF FACT

On or about October 4, 2013, Mr. Ronald Doppelheuer, a mechanic and proprietor of Dopp's Garage, located at 710 East Crawford Avenue, Connellsville, Fayette County, Pennsylvania, arrived at his garage in the morning hours to find that a vehicle was missing from his lot. The missing vehicle was a green 1999 Ford Ranger pick-up truck that Mr. Doppelheuer had received from Mr. Ronald Martray in order to repair an issue with the engine overheating. Mr. Martray provided Mr. Doppelheuer with the one and only key to the vehicle. Mr. Doppelheuer noticed pieces of broken glass around the area where Mr. Martray's vehicle was parked. Mr. Doppelheuer contacted Mr. Martray to ascertain whether Mr. Martray had retrieved the vehicle himself. After learning Mr. Martray had not retrieved the vehicle, Mr. Doppelheuer contacted the Pennsylvania State Police to report the vehicle stolen. Pennsylvania State Police Trooper Cameron Craig responded to Dopp's Garage where he interviewed Mr. Doppelheuer and Mr. Martray and filed an incident report.

On October 26, 2013, Trooper Craig recovered the vehicle in a wooded area adjacent to Wills Road and Isabella Road Extension in Connellsville Township, Fayette County, Pennsylvania. Trooper Craig observed a green Ford Ranger pick-up truck similar to the description of Mr. Martray's, and he used the vehicle identification number or "VIN" to confirm that said truck was the same one reported stolen. Trooper Craig observed that the vehicle had been "stripped," in that several parts of the interior and exterior of the vehicle had been removed. Further, the driver's side window had been broken and the steering column and ignition were damaged. Trooper Craig then

notified Detective William Hammerle of the Auto Theft Task Force for the Connellsville Police Department regarding the stolen vehicle and its recovery.

Detective Hammerle contacted Detective Paul Koropal with the Allegheny County District Attorney's Office-Western Regional Auto Task Force to assist in the investigation. Both Detectives investigated the vehicle after it had been towed to Burnworth's Garage[2] in Uniontown. Detective Koropal investigated the vehicle, noting several parts missing, including a diamond-plated toolbox Mr. Martray described as being attached to the bed of the 1999 Ford Ranger.

After receiving information that Appellant may have been responsible for the theft, Detectives Koropal and Hammerle, along with other members of the Auto Theft Task Force, began surveillance on Appellant's residence, as well as his grandparents' residence on October 28, 2013. From a nearby alleyway, the Detectives observed what appeared to be a diamond-plated toolbox, similar to that described by Mr. Martray, located in the truck bed of a 1994 red Ford Ranger parked in Appellant's garage. They also observed a man, later identified as Appellant, performing mechanical work on the red Ford Ranger.

On November 6, 2013, the Detectives interviewed Appellant's father, Edward Burnsworth, regarding the location of his son Max, the Appellant, and Edward Burnsworth gave consent to search the detached garage containing the red Ford Ranger. Inside the garage Detectives observed a radiator and fan shroud underneath a work bench. Detective Koropal photographed the parts and contacted the victim's two sons, Brandon and Shawn Ozorowski, who verified that the radiator and fan shroud were the

---

[2] NOTE: "Burnworth Garage" in Uniontown is not the same garage owned by Appellant. The similarity in names is coincidental only.

same previously affixed to their father's stolen Ford Ranger truck. Appellant's red Ford Ranger was seized and transported to the Connellsville Police Department, where Brandon and Shawn Ozorowski further identified several other parts that had been stolen from their father's vehicle.

Following the investigation, Detective Koropal filed charges of Receiving Stolen Property[3] and Tampering with Public Records or Information[4].

## DISCUSSION

The Appellant's Concise Issue under Pa.R.C.P. 1925(b) is as follows:

**ISSUE NO. 1: THE COMMONWEALTH DID NOT PRESENT EVIDENCE BEYOND A REASONABLE DOUBT THAT THE APPELLANT WAS GUILTY OF RECEIVING STOLEN PROPERTY IN THAT THE TESTIMONY OF THE ALLEGED VICTIM OF WHAT WAS MISSING WAS CONTRADICTED BY ANOTHER COMMONWEALTH WITNESS AND THE JURY WOULD HAVE TO SPECULATE ON THE FACTS TO BASE THEIR VERDICT.**

The standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. *Com. v. Stevenson*, 894 A.2d 759, 773 (Pa.Super.2006) quoting *Com. v. Smith*, 863 A.2d 1172, 1176 (Pa.Super.2004). The Court may not weigh the evidence or substitute its judgment for that of the fact-finder. *Id.* Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt

---

[3] 18 Pa.C.S. § 3925(a) [F3]
[4] 18 Pa.C.S. § 4911 (a) [M2] **Dismissed July 17, 2014**

unless the evidence is so weak and inconclusive that as a matter of law no facts supporting a finding of guilt may be drawn. *Id.* The fact-finder, when evaluating the credibility and weight of the evidence, is free to believe all, part, or none of the evidence. *Id.* The test is whether, viewing all evidence admitted at trial, together with all reasonable inferences drawn therefrom, in a light most favorable to the Commonwealth as verdict winner, the trier of fact could have found that the defendant's guilt was established beyond a reasonable doubt. *Com. v. Collins*, 702 A.2d 540, 543 (Pa. Super. 1997).

A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner. *18 Pa.C.S. § 3925(a).* As used in this section the word "receiving" means acquiring possession, control, or title, or lending on the security of the property.

In this case, there is little doubt that the testimony provided by the Commonwealth is sufficient to convict Appellant of receiving stolen property. Detective Koropal testified that after he took pictures of the radiator and fan shroud found in Appellant's garage, he contacted Brandon Ozorowski to identify the parts. Mr. Ozorowski testified that he had worked several years as a mechanic, rode in the vehicle "millions of times," and performed regular maintenance on his father's 1999 Ford Ranger prior to the vehicle being stolen. Mr. Ozorowski stated that the radiator in Appellant's garage was the same taken from the stolen truck because of the after-market, or post-purchase, radiator cap that Mr. Ozorowski had previously used to

replace the factory installed cap. Further, Mr. Ozorowski identified approximately seven (7) different interior and exterior parts that had been removed from his father's truck and were now found in or on Appellant's vehicle. These parts included:

1) driver's side sun visor; 2) bench seats with center console; 3) a gear shifter with cup holders; 4) a diamond-plated tool box; 5) the center console; 6) side view mirrors; and 7) plastic interior trim pieces.

Mr. Ozorowski identified each item and was able to explain identifying marks or wear and tear consistent with parts he had previously observed in and on his father's vehicle. Mr. Ozorowski testified that he recognized the driver's side sun visor because of certain pinholes in the fabric. He testified that the holes were left in the fabric because their father had fastened pictures of their deceased siblings to the driver side visor. Mr. Ozorowski further stated that the bench seats, center console, gear shifter with cup holders, side view mirrors, and the plastic interior trim pieces were those typically found on a 1999 Ford Ranger vehicle, and would not have been included by the manufacturer in the 1994 model owned by Appellant. Finally, Mr. Ozorowski identified markings caused by using an acid-based solution to clean the diamond-plated toolbox, as well as numerous items Detectives Koropal and Hammerle testified that they had found in the tool box during their investigation. Mr. Ozorowski testified to each item individually and from his own recollection, prior to viewing the Commonwealth's photographs. Mr. Ozorowski's history working as a mechanic and personal experience with the stolen vehicle makes his testimony highly persuasive when determining the origin of the parts found in or on Appellant's vehicle.

This Court notes that circumstantial evidence from which guilty

knowledge can be inferred is sufficient to sustain a conviction if the underlying circumstantial evidence is sufficiently strong to support the inference beyond a reasonable doubt. *Com. v. Thomas*, 429 Pa. 227, 239 A.2d 354 (1968). Moreover, a permissible inference of guilty knowledge may be drawn from the unexplained possession of recently stolen goods without infringing on an accused's right of due process or his right against self-incrimination, as well as from other circumstances, such as the accused's conduct at the time of arrest. *United States v. Peterson*, 522 F.2d 661 (D.C.Cir.1975); *United States v. Roberts*, 483 F.2d 226 (5th Cir. 1973). The strength of the underlying evidence, in cases where the inference is drawn from unexplained possession of recently stolen goods, is dependent on whether possession is recent and how recent the possession is, as well as, an understanding of what is meant by unexplained. *Com. v. Williams*, 468 Pa. 357 (1976).

This Court notes that 'Recent' is a relative term, and whether possession is recent, and how recent it is, are normally questions of fact for the trier of fact and require that the trier of fact consider the nature and kind of goods involved, the quantity of goods, the lapse of time from theft and possession, and the ease with which such goods can be assimilated into trade channels, as well as other circumstances relevant in any given case. *Pendergrast v. United States*, 135 U.S.App.D.C. 20, 416 F.2d 776, 790 (1969) cert. denied.

A copy of the title acquired by Appellant stating that Appellant had purchased the 1994 red Ford truck on October 17, 2013, approximately two weeks prior to the victim's vehicle being stolen, was introduced as Commonwealth's Exhibit Number 3. The jury did not find Appellant's explanation of his vehicle purchase, nor the

purchase of the toolbox, to be credible. Appellant testified that he purchased the diamond-plated toolbox at the Perryopolis Flea Market, and was thus unable to produce proof of purchase or the identity of the individual who sold him the toolbox. Further, Appellant testified that despite the extremely low price, he did not inquire as to the origin of the toolbox, nor was he concerned that the toolbox would not fit on his vehicle.

Consistent with case law, this Court instructed the Jury pursuant to Pennsylvania Criminal Jury Instruction No. 15.3925(c) stating in part:

> "One of the elements that the Commonwealth must prove is that the Defendant either knew that the property had been stolen or believed that it had probably been stolen. If you choose to do so, you may infer that the Defendant had such guilty knowledge or belief from proof that he was in possession of the property, that the property had recently been stolen, and that his possession is unexplained. In deciding whether his possession is unexplained, you should consider all the evidence that might explain it, including evidence presented by the Commonwealth. You may regard the Defendant's possession as unexplained if you find the explanation unsatisfactory."

Based on the above facts, this Court finds that a Jury can easily infer that Appellant either had actual knowledge or at the very least, believed, that the parts in his possession had been stolen. Appellant was observed possessing the stolen parts in his garage and attached to his vehicle, and he possessed the stolen parts as recently as October 28, 2013, just two (2) days from the date the vehicle was recovered. Lastly, the jury did not find Appellant's testimony credible as to the origin of his vehicle, nor his testimony regarding the origin of the numerous parts on his vehicle that were not originally manufactured for his vehicle. This Court finds that the circumstances surrounding Appellant's possession of the stolen parts allows a jury to reasonably infer

Appellant had knowledge that the parts were stolen.

Based on the above facts and case law, this Court believes that the Commonwealth has presented sufficient evidence to sustain a conviction against Appellant in this matter and respectfully recommends that Appellant's conviction be **SUSTAINED.**

BY THE COURT:

_____, J.
LINDA R. CORDARO

Attest:

_____
Clerk of Courts

Date:   *February 12th, 2015*

02-13-15 4:00
**DIST/DATE**

**DEF**_____
**DA**_____ I
**PO**_____ I
**PD**_____ I
**WARD**_____ I
**SHER**_____
**CA**_____ I
**ATTY**_____
**CC**_____
**BKG.CTR**_____
**PR.SLV.CRT.**___

FAY. CO. BAR - R