**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harold Dean AUDSLEY, Defendant-Appellant.**

**No. 73-1360.**

United States Court of Appeals, Fifth Circuit.

Oct. 25, 1973.

---

Max P. Engel, David B. Javits, Miami, Fla., for defendant-appellant.

John L. Briggs, Jacksonville, Fla., Claude H. Tison, Jr., Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before GEWIN, AINSWORTH and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Audsley was found guilty by a jury of aiding and abetting the interstate transportation and pledging of stolen securities in violation of 18 U.S.C. §§ 2, 2314, 2315. He attacks the judgment of conviction on five grounds: (1) the admission of evidence of similar prior transactions between the appellant and one Jones with whom the present transaction took place; (2) insufficient evidence to prove the required elements of the offense; (3) the propriety of a charge to the jury regarding permissible inferences to be drawn from possession of recently stolen property; (4) the indictment was misread to the jury; and (5) curtailment of cross-examination.

Audsley is correct in contending that as a general rule the evidence introduced in a criminal trial should relate only to the specific offense charged in the indictment. It is also well recognized, however, that prior transactions may be introduced to establish that the defendant possessed the requisite knowledge or intent, or that there is a consistent pattern, scheme of operation, or similarity of method. United States v. Alston, 460 F.2d 48, 55 (5th Cir. 1972). A principal issue at the trial was Audsley's knowledge of the stolen character of the securities. We find that the evidence of prior transactions was substantially relevant to this issue.[1]

The appellant's argument concerning the insufficiency of the evidence has no merit. See Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680, 704 (1942). The challenged jury charge was appropriate in view of United States v. Barnes, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). See also United States v. Roberts, 483 F.2d 226 (5th Cir. 1973); United States v. Howard, 483 F.2d 229 (5th Cir. 1973).

After a complete review of the record and the contentions presented in appellant's brief and at oral argument, we discern no merit in appellant's other specifications of error. The judgment of conviction is affirmed.

---

1. The trial judge gave limiting instructions on the use of this evidence.