[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14399
Non-Argument Calendar

_____

D. C. Docket No. 07-00286-CR-1-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLOVIS A. REEVES,
a.k.a. Clovis Reeves,
a.k.a. C,
a.k.a. Clovis Reed,
a.k.a. KJ,
a.k.a. Keith Johnson,
a.k.a. T,
a.k.a. K,
a.k.a. Alaray Reed,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 6, 2009)**

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Clovis A. Reeves appeals his convictions on one count of conspiracy to make false statements in an application for the purchase of firearms, 18 U.S.C. § 371, seven counts of making false statements in an application for the purchase of firearms, 18 U.S.C. §§ 924(a)(1)(A), 2, and four counts of being a convicted felon in possession of a firearm, 18 U.S.C. §§ 922(g), 924(a)(2). The sole issue on appeal is whether the district court committed reversible error when it denied Reeves's motion in limine to exclude the testimony of 14 New Jersey police officers as to their recovery of firearms from crime scenes near his residences.

We review a district court's evidentiary ruling for abuse of discretion. United States v. Baker, 432 F.3d 1189, 1202 (11th Cir. 2005). "An abuse of discretion arises when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." Id.

"Relevant evidence" is broadly defined. United States v. Glasser, 773 F.2d 1553, 1559 n.4 (11th Cir. 1985). To be relevant, "(1) [t]he evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." Id.

2

In general, "evidence introduced in a criminal trial should relate only to the specific offense charged in the indictment." United States v. Audsley, 486 F.2d 289, 290 (5th Cir. 1973) (per curiam). "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

District courts have broad discretion to admit probative evidence, but their discretion to exclude evidence under Rule 403 is limited. United States v. Terzado-Madruga, 897 F.2d 1099, 1117 (11th Cir. 1990). "[T]he application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Mills, 704 F.2d 1553, 1560 (11th Cir. 1983).

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Evidence that some of the firearms in question were recovered at crime scenes in New Jersey shortly after their purchase in Georgia was probative of Reeves's possession of the firearms and his participation in the conspiracy to acquire and transport them. The evidence also was not so

3

prejudicial, misleading, or duplicative as to warrant its exclusion under Rule 403.

The district court did not abuse its discretion in denying Reeves's motion in limine.

**AFFIRMED.**