[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2010
JOHN LEY
CLERK

No. 09-11372
Non-Argument Calendar

_____

D. C. Docket No. 07-00072-CR-4-SPM-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY MCGEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 17, 2010)

Before TJOFLAT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

A Northern District of Florida jury found Bobby McGee guilty of two counts of using interstate commerce to attempt to induce two minor children to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and the district court sentenced him to concurrent prison terms of 235 months. He now appeals his convictions and sentences. We affirm.

I.

McGee challenges his convictions on the ground that the district court abused its discretion in admitting his post-arrest statement to law enforcement officers regarding his thoughts of molesting his own daughters because the prejudicial value of the statement outweighed its probative value. See Fed. R. Evid. 403. The statement was unnecessary to the prosecution's case, he asserts, because he conceded the issue of criminal intent at trial.

We review a district court's evidentiary rulings, such as the rejection of a Rule 403 challenge, for abuse of discretion. *United States v. Jernigan*, 341 F.3d 1273, 1284 (11th Cir. 2003). Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979). To be

relevant, the evidence must be probative of the proposition it is offered to prove, and the proposition to be proved must be one that is of consequence to the determination of the action. *United States v. Glasser*, 773 F.2d 1553, 1559 n.4 (11th Cir. 1985). Thus, evidence introduced during a criminal trial should relate only to the specific offense or offenses in the indictment. *United States v. Audsley*, 486 F.2d 289, 290 (5th Cir. 1973) (per curiam).

When reviewing a ruling under Rule 403, the balance is in favor of admissibility, and we "look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *United States v. Brown*, 441 F.3d 1330, 1362 (11th Cir. 2006). Relevant evidence presented by the prosecution in a criminal trial is "inherently prejudicial; it is only when *unfair* prejudice *substantially* outweighs probative value that [Rule 403] permits exclusion." *United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983). Since the prosecution is entitled to prove its case by the evidence of its choice, the defendant must do more than merely show that alternative means of proof were available that the prosecutor chose not to rely upon. *Old Chief v. United States*, 519 U.S. 172, 182-83, 186-87, 117 S.Ct. 644, 650, 653, 136 L.Ed.2d. 574 (1997). A district court may abuse its discretion if it spurns a defendant's offer to admit an element of the offense in order to eliminate the

prosecution's need to prove the element. *Id.* at 519 U.S. at 174, 117 S.Ct. at 647.

The prosecution is required to prove each element of the charged offense beyond a reasonable doubt to sustain a conviction. *United States v. Rogers*, 94 F.3d 1519, 1524 (11th Cir. 1996). To sustain a conviction for the crime of attempt, the prosecution must prove that the defendant had specific intent to engage in the criminal conduct for which he is charged and that he took a substantial step towards the commission of the offense. *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004). An attempt to violate 18 U.S.C. § 2422(b) requires proof that the defendant, by means of interstate commerce, acted with specific intent to persuade, induce, entice or coerce a minor to engage in unlawful sex. *Id.* A defendant's persuasion of a minor to engage in sexual conduct, without the commission of any sex act, is sufficient to violate the statute. *Id.*

Our review of the trial transcript discloses that, contrary to his representation, McGee did not adequately concede the issue of criminal intent at trial. The admitted statement was probative of McGee's intent and his substantial step towards committing the offense, and there was no showing of undue prejudice. Thus, the district court did not abuse its discretion in admitting the statement. Accordingly, McGee's convictions remain undisturbed.

II.

4

McGee challenges his sentences on two grounds. The first is that the district court misapplied the Guidelines; the second is that his sentences are unreasonable. We consider these grounds in order.

A.

McGee argues that the district court erred in enhancing the base offense level by two levels for undue influence because he rebutted the presumption of undue influence by showing that he did not assert any influence on the fictitious mother.[1] The district court stated on the record that it would have imposed the same sentences regardless of the application of the undue influence enhancement, any error in the application of the enhancement is harmless.

B.

McGee argues that his sentences are procedurally and substantively unreasonable, that his personal characteristics required the imposition of lesser sentences. McGee also argues that the Guidelines sentence range for his offense is arbitrary because Guidelines do not distinguish between cases involving fictional minors, as in his case, and real minors, and they are not supported by empirical

---

[1] He argues, alternatively, that this court's precedent applying the undue influence enhancement to a fictitious victim should be overruled in light of the recent amendment to U.S.S.G. § 2G1.3(b)(2)(B). Because, as we indicate below, the district court would have imposed the same sentences regardless of the undue influence Guidelines provision, we do not consider this alternative argument.

data.

We review the reasonableness of sentences imposed under the Guidelines for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 56, 128 S.Ct. 586, 600, 169 L.Ed.2d 445 (2007). The burden of establishing that a sentence is unreasonable lies with the party challenging the sentence. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

When reviewing a sentence for reasonableness, we evaluate whether the sentence fails to achieve the purposes of sentencing set out in 18 U.S.C. § 3553(a). *Id*. The district court must impose a sentence sufficient, but not greater than necessary, to (1) reflect the seriousness of the offense, (2) promote respect for the law, (3) provide just punishment for the offense, (4) deter criminal conduct, (5) protect the public from future crimes of the defendant, and (6) provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The court must also consider the following factors in determining a particular sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the Guidelines sentence range; (4) the pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwarranted sentencing disparity; and (6) the need to provide restitution to victims. 18 U.S.C. §

3553(a)(1), (3)-(7).

Reasonableness review is deferential, and if a district court imposes a sentence within the Guidelines sentence range, "we ordinarily will expect that choice to be a reasonable one." *Id*. The district court should "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). Thus, if the record indicates in a "conceptually simple" case that the court has listened to the arguments and considered the evidence, the court is not legally required to expound upon the reasoning underlying his decision. 551 U.S. at 358-59, 127 S.Ct. at 2469.

Given the record before us, we conclude that McGee's prison sentences are reasonable. The district court properly considered the arguments presented by the parties, the Guidelines, and the statutory factors in imposing a sentence at the low end of the Guidelines sentence range.

AFFIRMED.